HALL, Defendant in Error, v. COUNTY COURT OF AUDRAIN COUNTY, Plaintiff in error.

1. An appeal will lie to a circuit court from an order of a county court removing the guardian of an insane person.
2. In perfecting such an appeal, an affidavit and appeal bond or recognizance are not required.
3. A mandamus will lie in such case from the circuit court to the county court requiring it to grant an appeal, although a writ of error might have been resorted to.

*Error to Audrain Circuit Court.*

B. B. Hall in 1854 was appointed guardian of one Adams, an insane person. In 1856 the county court, without notice to him, removed said Hall from his office of guardian, and appointed one Brown guardian in his place. From this order displacing him Hall prayed an appeal to the circuit court. The court granted the appeal. It afterwards rescinded the order granting the appeal. An affidavit was made by Hall and an appeal bond. The bond was executed to and in favor of Audrain county, and Hall's name was signed by his attorney. Hall applied to the circuit court for a mandamus directing the county court to grant an appeal. The circuit court granted the mandamus. It is to obtain a review of this action that the case is brought to this court by writ of error.

*Carr*, for plaintiff in error.

I. The county court had exclusive original jurisdiction of the appointment and displacement of guardians of insane persons. Its action is final. There is no appeal provided for. No affidavit and bond are provided for. (See 3 Ham. 277; 14 Mass. 277; 7 Pick. 321; 17 Johns. 280; 2 Sneed, 50; 1 Kern. 276; 3 Black. Comm. 400; 10 Mo. 594; Deane v. Todd, 22 Mo. 90; 24 Mo. 298; 19 Mo. 223.) It does not follow, because an appeal does not lie, that the action of the county court can not be reviewed by the circuit court. A writ of error would lie. (See 7 Mo. 470.) But if he was entitled to his appeal, he failed to perfect his right by filing an appeal bond. The instrument filed by him was no bond. Granting that an appeal would lie and that he perfected his right, still the county court having granted the appeal, it had no power to set aside its order so granting it, and said order remained in full effect. (See 20 Mo. 458; 11 How. Prac. R. 89; 24 Barb. 166.)

*Howell*, for defendant in error.

I. The order of the circuit court requiring the county court to grant an appeal was not a final judgment. The writ of error should be dismissed. The order of the county court for the removal of Hall and the order setting aside the appeal were irregular. An appeal lay to the circuit court. The application for the appeal was duly made and the bond sufficient. Besides, the statute does not require an affidavit and bond in this case.

RICHARDSON, Judge, delivered the opinion of the court.

The main question in this case is, whether an appeal will lie to the circuit court from an order of the county court removing the guardian of an insane person. The eighth section of the 47th chapter of the revised statues of 1855, p. 530, prescribes the power and jurisdiction of the circuit courts, and in the 4th clause of the section this general lan-

guage is employed: "Appellate jurisdiction from the judgments and orders of county courts and justices of the peace, in all cases not expressly prohibited by law, and shall possess a superintending control over them." We have not been referred to any provision of the statute that prohibits an appeal in a case like this; but, on the contrary, the 15th section, which defines the exclusive original jurisdiction of the county court, enumerates, among many other subjects, the power of "appointing and displacing the guardians of orphans, minors and persons of unsound mind," and closes with the sweeping declaration of the right "to appeal in all cases to the circuit court, in such manner as may be provided by law." It will be observed that the language is "in such manner as may be provided by law," and though the general right of appeal is given, "the manner" is not provided in this section nor any other place that we have seen, except in relation to probate matters indicated in the eighth article concerning "Administration." As the manner is not provided, it would seem that neither an affidavit nor a recognizance is required, but that it should be allowed without a *supersedeas*, simply on the request of the party aggrieved, as was the practice in chancery cases under the old system.

The questions, what will be the operation of the appeal, and how the case is to be tried in the circuit court, are not presented by this record.

It is suggested that a mandamus will not lie, because the plaintiff had a remedy by writ of error (R. C. 1855, p. 1295), which would have accomplished every thing that an appeal could. It is generally true that a mandamus will not be granted when the party complaining has another specific remedy and can be redressed either by appeal or writ of error; (Williams & Wyan v. Judge of Cooper Court of Common Pleas, 27 Mo. 225;) and, if the plaintiff was now asking for a mandamus to compel the county court to vacate the order removing him, it could be replied that he had a remedy by appeal or writ of error. But there is no other mode of compelling the county court to allow an appeal;

and though the plaintiff could have taken the case up by appeal or writ of error, he had the right to his election.

The order setting aside the allowance of an appeal amounted to a refusal to grant it, and the mandamus was properly awarded.

The other judges concurring, the judgment will be affirmed.