THE STATE *ex rel.* SPICKERMAN, *Appellant*, v. ALLEN.

1. **Probate Court**: APPEAL.   An order of a probate court, revoking the appointment of a person as the guardian of a minor, is a final one, and, therefore, one from which an appeal will lie.

2. ———— : ———— : MANDAMUS.   An appeal will lie in such case although the rescinded order was a nullity, and a peremptory writ of mandamus will be awarded to compel the probate court to allow the same.

*Appeal from Madison Circuit Court.*—HON. JAMES D. Fox, Judge.

REVERSED

*J. Perry Johnson* for appellant.

(1)   The appointment of Spickerman as guardian was made in April, 1883.   The application to set aside and annul such appointment was not made until May, 1884, and after a lapse of four several terms of said probate court, and it was too late for the probate judge to say he had not, as judge, approved his acts as clerk, if any such approval was necessary.   *Jones v. Hart,* 60 Mo. 351;   *Wilson v. Broughton,* 50 Mo. 17;   Freeman on Judg. [1 Ed.] secs. 6, 9, 10, p. 45.   (2) The probate court having heard the case on petition, answer, replication, and argument of counsel, and after such hearing did "order that the said order of the twenty-fourth day of April, 1883, be revoked, set aside, and for nought held," thereby revoking Spickerman's authority to act as guardian, was certainly a final order, and a judgment from which an appeal lies.   *Hull v. County Court,* 27 Mo. 329.   (3) The approval, or failure to approve, the guardian's bond, does not affect its validity.   *James v.*

*Dixon*, 21 Mo. 538; *State v. Farmer*, 54 Mo. 439; *Brown v. Weatherby*, 71 Mo. 152; *Johnson v. Beasley*, 65 Mo. 250.

*Edwards, Cahoon & Cahoon* for respondent.

(1) The clerk of the probate court had no authority to appoint a guardian in vacation, and the attempted appointment was a nullity. The appointment could only be made in term time by the court. R. S., secs. 2561–2571; *Estes v. Smith*, 72 Mo. 310. (2) Even if the clerk had such power in vacation, the order would have been void on its appearing that the minor had a mother living. R. S., sec. 2562; *Dowling v. Todd*, 26 Mo. 267. (3) The last order of the probate court, rescinding the first order of the clerk in vacation, even if the first order had been regularly made, is not such a final judgment of the subject matter of the appointment, in the manner provided by the law, of a guardian of this minor as would preclude the appointment now, on a proper showing, of John Spickerman as such guardian; nor is it a final determination of any regular or proper application by the relator to be appointed guardian, or to have a guardian appointed for said minor. R. S., secs. 2560, 2562, 2564, 2566, 2568; Kelly's. Prob. Guide, sec. 505; R. S., secs. 292, 2616; *In re Milton Duty's Estate*, 27 Mo. 44, 45; *Whitcomb v. Whitcomb*, 19 Mo. 515; Freeman on Judg., sec. 34; *Hill v. Young*, 3 Mo. 838, 839; *Ruff v. Doyle*, 56 Mo. 301, 303. (4) If the mother is not a proper person to have the custody of this child, there is nothing in the way of relator's now being regularly appointed guardian of it. Inasmuch, then, as he has a clear legal remedy, the extraordinary remedy of mandamus will not lie. High on Mandamus, sec. 15. (5) Spickerman's appointment being, beyond question, a nullity, he neither acquired nor lost any rights under it, and no appeal can be taken from a null and void order, for such order is not a final judgment,

Freeman on Judg., secs. 117–98–34 ; R. S., secs. 292, 2616. (6) All courts have inherent power to correct their records and to free them of nullities and to rescind nullities, because nullities serve only to mar their records. Freeman on Judg., sec. 98. (7) So, they have like power to correct valid judgments for error of fact, by *coram vobis*. *Ex parte Gray*, 77 Mo. 160 ; *Powell v. Gott*, 13 Mo. 461–2 ; *Sanders v. State*, 26 Cent. Law Jour. 473 ; Green & Myers' Mo. Prac., p. 443, sec. 1155 ; Whittelsey Mo. Prac., p. 472, sec. 383. (8) If the order of appointment was a nullity (and it was), then if the proceedings to rescind and vacate it were nullities, the attempt to appeal from these void proceedings was also a nullity, and mandamus, therefore, could not lie to compel an appeal from these void proceedings, and the ruling of the circuit court was proper.

BRACE, J.—This was a proceeding by mandamus to compel the respondent, judge of the probate court of Madison county, to grant an appeal to the circuit court of said county from an order of said probate court revoking the appointment of relator as guardian of John Dasch, a minor. A demurrer to the return of respondent to the writ was overruled, peremptory mandamus refused, and judgment for costs against the appellant rendered.

The respondent, in his return, admits that at the May term of said probate court, and on the thirteenth of May, 1884, one Wilhelmina Schmidt filed in said probate court her petition to have the order of the probate court of Madison county, theretofore made, appointing the relator, John Spickerman, guardian of said minor, revoked and rescinded ; that on the fourteenth of May, 1884, the relator filed his answer to said petition, and that said Wilhelmina, on the same day, filed her replication to said answer, and that said court proceeded to hear and try the matters and issues presented

by said petition, answer, and replication, and did, on the sixteenth of May thereafter, after hearing parties, witnesses, and arguments, order that said order of the twenty-fourth of April, 1883, be revoked, set aside, and for naught held ; admits that the relator, on the same day, prayed for an appeal from this order to the circuit court of Madison county, filed his affidavit therefor, and tendered a good and sufficient bond, and that an appeal was refused him ; that in March, 1883, George Dasch, then residing with his infant son, John Dasch, in Madison county, Missouri, died, leaving his said son, aged six years, in a helpless condition, in said county, without a legal or natural guardian residing in the state of Missouri ; that on the twenty-fourth of April, 1883, the following order was entered upon the records of the probate court of said county by the respondent :

"In the probate court of Madison county, Missouri. In vacation. April 24, A. D., 1883. In the matter of John Dasch, minor heir of George Dasch, deceased. It appearing to the satisfaction of this court that John Dasch is a minor, under the age of fourteen years, and resides in Madison county, Missouri, and that he has no legal or natural guardian ; it is, therefore, ordered by the court that John Spickerman be and he is hereby appointed guardian of the person of the said John Dasch, minor heir of the said George Dasch, deceased, and that before entering upon the duties of his office, he is required to enter into a bond to the state of Missouri, for the use of John Dasch, with two or more securities, to be approved by the court, in the sum of fifty dollars, conditioned for the faithful discharge of his duties, according to law ; " that the said Spickerman then filed his bond, as such guardian, which was approved by the respondent ( said approval appearing only by the following entry on said bond ) : " Approved by the court this twenty-sixth day of April, 1883, N. B. Allen, Judge of Probate." Respondent avers that said appointment of

said Spickerman as guardian, as aforesaid, was made and entered by him in vacation of said probate court, and that his approval of said bond was in vacation of said court, and "that neither said order of appointment nor said bond was ever afterwards, by the said probate court, at any of its terms, specially approved," and that it was shown by competent evidence in the proceeding between Wilhelmina Schmidt and the relator, at the May term, 1884, of said court, that said minor then, and at the time of the making of said order of appointment, and of the approval of said bond, had living a mother, to-wit : the said Wilhelmina, residing in the state of Illinois.

These facts, exhumed from a mass of argumentation and immaterial statements contained in the return, are relied upon as the grounds upon which relator's prayer for an appeal was denied, in effect saying to him that "having decided these issues correctly in the case tried before me, you have no right of appeal." The demurrer to the return should have been sustained, whether the order of April 24, 1883, was valid or invalid; whether the determination of the probate court on that or any other issue raised in the proceeding was right or wrong, could afford us no ground for refusing respondent the right to appeal, the only means provided by law by which he could have those questions passed upon by a superior tribunal. It is foreign to the object and purpose, as it is inconsistent with the nature of the proceeding by *mandamus*, to review judicial proceedings; and in this case whatever they may have been, and whatever effect the action of the probate court may have had on the rights of the parties contestant, and who had submitted those rights to the exercise of its jurisdiction, could not be inquired into or reviewed by the circuit court in this proceeding, and could not afford any ground for refusing the writ. High Ex. Legal Rem., ch. 3, secs. 147, 150, 188, 189, 190 ; *State ex rel. v. Norton*, 20 Kan. 506 ; *Potter v. Todd*, 73 Mo. 101.

The probate court had jurisdiction of the subject matter of the issues raised before it by the parties to the proceeding. Const., art. 6, sec. 34; R. S., 1879, sec. 1176. The court took cognizance of the case and rendered judgment; its order "revoking, setting aside, and for naught holding," the order of April 24, 1883, was a final determination of the issues raised by the relator in his answer in that proceeding, from which an appeal would lie to the circuit court of Madison county. R. S., 1879, secs. 2616 and 292. It is no answer to say the order rescinded was a nullity; whether it was or not was an issue raised in the case and decided by the probate court, and that decision relator had a right to have reviewed. It is no answer to say that it was not a final judgment, or order, because it did not finally determine the guardianship of said ward, but simply opened the way for relator or some one else to come in and be appointed as such guardian. It determined finally all the rights claimed by the relator, under that order, in his answer, so far as it was in the power of the court to determine them in that proceeding.

The judgment of the circuit court is reversed and the cause remanded, and it is ordered that a peremptory writ of *mandamus* be issued by said circuit court to the respondent, or his successor in the office of probate judge of Madison county, commanding him to grant relator's appeal. All concur.