## BETTIE DOWNING, Respondent, v. EVA LASHOT, ET AL., Appellants.

Springfield Court of Appeals, November 25, 1918.

1. **APPEAL AND ERROR:** Docketing Cause: Notice not Required. The beginning of each term of the Appellate Court is fixed by law and parties taking an appeal must take notice thereof and if the appeal is taken sixty days before the beginning of a term the appellant must take notice that the appeal is returnable to and is likely to be docketed for hearing at that term and perfect his appeal accordingly.

2. ———: ———: **Printing Docket.** Though an appellant may under section 2048 Revised Statutes 1909, file his appeal in the appellate court not later than fifteen days before the first day of the return term, at which time the docket for such term may be already printed as provided by section 2079, but such fact does not prevent such cause from being set for hearing at such term and appellant must, without waiting for notice, comply with the rules of court in printing and serving his abstracts and briefs.

3. ———: **Continuance: Grounds: Failure to Perfect Appeal.** Where cause on appeal in short form is set for hearing at term to which it is properly returnable, under Revised Statutes 1909, section 2047, motion for continuance on ground that docket for that term had been printed prior to filing of certified copy of judgment and order granting appeal, as authorized by section 2079, and that appellant was given no notice in time to perfect his appeal, will not be granted.

4. ————: Docketing Cause: Dismissal: Failure to Perfect Appeal. Where appeal by short form is not filed until near fifteen days before first day of term to which returnable, as authorized by Revised Statutes 1909, section 2048, at which time docket for that term had been printed, as authorized by section 2079, and no notice of setting cause for hearing was given appellant, appeal will nevertheless be dismissed for failure to perfect appeal at time of hearing.

Appeal from Pemiscot County Circuit Court.—*Hon. Sterling H. McCarty*, Judge.

DISMISSED.

*J. R. Brewer* for appellants.

*W. W. Corbett* for respondent.

STURGIS, P. J.—The judgment appealed from in this case was rendered on January 10, 1918. The appeal was granted on January 11, 1918, a few days too late to be returnable to the March Term, 1918, of this court, but nearly nine months before the beginning of the October Term, The appeal is by the short form and the certified copy of the judgment and the order granting the appeal were not filed in this court until September 23, 1918, too late to appear on the printed docket for such term. The case was set for hearing in this court on November 1, 1918, and on that day, no abstract or briefs being yet filed, appellant filed a motion for a continuance to our next term on the ground that said case did not appear on the printed docket of the October Term and neither appellants nor their attorney were notified by the Clerk that the case was set for hearing at such term of court. The attorney making this motion is not the attorney appearing on the record sent here and that may account for no notice being received. Such, however, is not a material fact on the question presented.

The statute, section 2047, Revised Statutes 1909, and not this or any other court fixes the return term of an appeal and prescribes that all appeals taken sixty days

before the first day of the next term of the appellate court are returnable to such term. The terms of the appellate courts are fixed by the Constitution and begin on the first Monday in March and October in each year so that every party taking an appeal does and must know without any notice the term to which the appeal is returnable and the day on which such term begins. Such appellant needs neither notice nor printed docket to apprise him of that fact. The statute also provides, section 2079, Revised Statutes 1909, that the docket shall be printed forty days before the beginning of each term, while by section 2048, Revised Statutes 1909, the appellant is given until fifteen days before the first day of the return term of the appeal to perfect his appeal by the long or short form transcript. It, therefore, not infrequently happens that cases properly for hearing at a term of our court are first filed herein after the printed docket is distributed. Such delay, however, is the fault, if any, of the appellant and he has no right to complain that his appeal was not filed before the docket is printed. It rests on the party taking the appeal to perfect and prosecute the same with diligence and he must, without being reminded thereof by notice or docket, take note of the time and term of the appellate court to which it is returnable and perfect his appeal in the time and manner prescribed by section 2048, Revised Statutes 1909, and the rules of the appellate court made thereunder. The time of taking an appeal is itself a warning of the term of the appellate court when it is for hearing and there is nothing in the law or practice of this court warranting the appellant in waiting for notice or printed docket before taking the necessary step to prepare his case for hearing at the term to which the law makes it returnable. This and other courts have time and again stated that the duty of perfecting and prosecuting an appeal with diligence is primarily on the appellant and that he cannot, after taking the appeal, rest on his oars trusting to the clerk of either the trial or appellate court to remind him of any necessary step in perfecting

his appeal. [State v. Pieski, 248 Mo. 718, 154 S. W. 747; Hofstatter v. Cantrell, 180 S. W. 435; State ex rel. v. Robertson, 264 Mo. 661, 671, 175 S. W. 610; State v. Chilton, 200 S. W. 745.; State v. Dempsey, 168 Mo. App. 298, 153 S. W. 1064; State v. Faith, 180 Mo. App. 484, 494, 166 S. W. 649; State v. Bailey, 192 Mo. App. 391, 395, 181 S. W. 605.]

Although this appeal was taken eight months before it was set for hearing, appellants give no excuse for not perfecting the appeal except that they waited for the printed docket or notice from the clerk. The law's delay is largely in the appellate courts and while this court is always reluctant to dispose of any case otherwise than on its merit, we do not think that any good cause has been shown for not having the case ready for hearing at this term or that the cause of justice will be served by continuing this case to another term. The motion for continuance is overruled and the appeal is dismissed.

*Bradley* and *Farrington, JJ.,* concur.