STATE OF MISSOURI EX REL. MISSOURI GRAVEL COMPANY AND UNITED STATES FIDELITY AND GUARANTY COMPANY, RELATORS, v. MISSOURI WORKMEN'S COMPENSATION COMMISSION, RESPONDENT.—113 S. W. (2d) 1034.

St. Louis Court of Appeals.   Opinion filed March 1, 1938.

*R. G. Church, Jr., William A. Dorsey* and *William H. Biggs* for relators.

*Carter & Jones* of Counsel.

*Roy McKittrick*, Attorney-General, and *Covell R. Hewitt*, Assistant Attorney-General, for respondent.

*F. D. Wilkins* and *Rendlen, White & Rendlen* of Counsel.

HOSTETTER, P. J.—This is an original proceeding in this court by *mandamus*, wherein it is sought by relators (the employer and insurer), to compel the Missouri Workmen's Compensation Commission to allow an appeal to the Circuit Court of Pike County directly from an order of that Commission commuting into a lump sum a weekly award of $14.03, allowed the widow for the death of her husband, an employee.

The facts are substantially as follows:

Following the death of her husband, the widow duly presented her claim to the Workmen's Compensation Commission, and, on December 19, 1935, the referee entered an award finding that claimant's husband was injured by an accident growing out of and in the course of his employment by the Missouri Gravel Company, being severely burned, causing his death, and allowed death benefits to claimant in the sum of $4209, medical aid $75.50, burial expenses $150, aggregating the sum of $4434.50 and directing that said sum, exclusive of medical

aid and burial expenses, be paid to the widow at the rate of $14.03 per week for 300 weeks, or, until her prior death or remarriage.

The full Commission, on application for review, affirmed the award on March 12, 1936, and the cause was, in due time, appealed to the Circuit Court of Pike County, by the employer and insurer, where the award of the Commission was affirmed, and, upon an appeal to the St. Louis Court of Appeals, such appeal was dismissed on May 7, 1937, for failure of appellants to comply with the rules.

Thereafter, on May 17, 1937, an application by the widow for an order of commutation was duly filed with the Workmen's Compensation Commission. Upon a hearing of such application before the full ·Commission on August 7, 1937, the award was commuted to $2418.21, then the present value of the final award, all being done under section 3346, Revised Statutes of Missouri, 1929 (Mo. Stat. Ann., sec. 3346, p. 8282). A fee of 25 per cent of the lump sum was allowed in favor of the attorneys, with the consent of the widow, which has been paid out of the award to the widow, leaving the net lump sum due her as of August 7, 1937, $1449.66, the amount involved in this proceeding.

On August 16, 1937, the employer and insurer filed their motion praying the Commission to vacate its order granting a lump sum settlement to the widow, and, on August 20, 1937, the Commission filed its order denying said motion.

On August 31, 1937, the employer and insurer filed with the Workmen's Compensation Commission its notice of appeal to the circuit court, requesting the Commission to certify all documents and papers on file in the matter, together with the transcript of the evidence, etc., to the Circuit Court of Pike County, Missouri. On September 8, 1937, the Commission by an order refused to grant an appeal from its order granting a lump sum settlement, stating of record that "this matter of appeal has been referred to the attention of the full Commission and it is their opinion that the granting of a lump sum is a matter lying within the discretion of the Commission and that no appeal lies from such an order; we will, therefore, not send this case to the circuit court."

Thereupon, on October 8, 1937, relators filed their petition for the issuance of an alternative writ of *mandamus* in this court and such writ was issued on November 5, 1937.

The question for determination in this case is the simple one involving the right of appeal where there has been a final award of compensation to be paid periodically to the widow of a deceased employee by the Missouri Workmen's Compensation Commission, which award has been duly affirmed by the courts on appeal, and which award, under section 3346, Revised Statutes of Missouri, 1929 (Mo. Stat. Ann., sec. 3346, p. 8282), has been duly commuted into a lump sum payment by the Commission.

In disposing of this question it is recognized that appeals are such as are provided by statute. Section 3342, Revised Statutes of Missouri, 1929 (Mo. Stat. Ann., sec. 3342, p. 8275) reads as follows:

"The final award of the commission shall be conclusive and binding unless either party to the dispute shall within thirty days from the date of the final award appeal to the circuit court of the county in which the accident occurred, or if the accident occurred outside of this state, then in the county where the contract of employment was made. Such appeal may be taken by filing notice of appeal with the commission, whereupon the commission shall under its certificate return to the court all documents and papers on file in the matter, together with a transcript of the evidence, the findings and award, which shall thereupon become the record of the cause. Upon appeal no additional evidence shall be heard and in the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding. The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

"1. That the commission acted without or in excess of its powers.

"2. That the award was procured by fraud.

"3. That the facts found by the commission do not support the award.

"4. That there was not sufficient competent evidence in the record to warrant the making of the award.

"Appeal from the circuit court shall be allowed the same as in civil actions and all appeals to the circuit and appellate courts shall have precedence over all other cases except election contests. In all appeals from the commission or circuit court the costs thereof shall be assessed against the losing party as provided by law in civil cases."

Section 3346, Revised Statutes of Missouri, 1929 (Mo. Stat. Ann., sec. 3346, p. 8282) reads as follows:

"The compensation herein provided may be commuted by said commission and redeemed by the payment in whole or in part, by the employer, of a lump sum which shall be fixed by the commission, which sum shall be equal to the commutable value of the future installments which may be due under this chapter, taking account of life contingencies, such payment to be commuted at its present value upon the basis of interest calculated at four per centum with annual rests, application of either party, with due notice to the other, if it appears that such commutation will be for the best interest of the employe or the dependents of the deceased employe, or that it will avoid undue expense or undue hardship to either party, or that such employe or dependent has removed or is about to remove from the United States or that the employer has sold or otherwise disposed of the greater part of his business or assets. In determining whether the commutation asked for will be for the best interest of the employe or the dependents

of the deceased employe, or so that it will avoid undue expense or undue hardship to either party, the commission will constantly bear in mind that it is the intention of this chapter that the compensation payments are in lieu of wages and are to be received by the injured employe or his dependents in the same manner in which wages are ordinarily paid. Therefore, commutation is a departure from the normal method of payment and is to be allowed only when it clearly appears that some unusual circumstances warrant such a departure.''

It is first insisted on behalf of respondent that *mandamus* is not a proper remedy to compel the Workmen's Compensation Commission to allow an appeal in this instance, even though an appeal from the commutation of the award is allowable. We are compelled to disallow this contention. In the case of State ex rel. Speckerman v. Allen, 92 Mo. 20, 4 S. W. 415, our Supreme Court granted a peremptory writ of *mandamus* to require a probate judge, who had revoked the appointment of a guardian, to grant an appeal from the order making such revocation. A similar action was taken by our Supreme Court in Hall v. County Court of Audrain County, 27 Mo. 329.

That brings us to a consideration of the question which is involved. A number of appeals have been taken from the action of the Workmen's Compensation Commission in changing an award from a periodical payment allowed to dependents of an employee into a lump sum payment. Appeals from such lump sum commutation orders have found their way through the circuit court to the appellate courts and they have been considered uniformly by the appellate courts as if such an appeal was proper and authorized by the statute. Therefore, it would follow that the appellate courts have *sub silentio* held that the appeal was permissible from such order of the Workmen's Compensation Commission. Following is a list of some of the cases which have thus reached the appellate courts, wherein such appeals have been passed on as if the appeals were properly there: Schmelzle v. Ste. Genevieve Lime & Quarry Co. (Mo. App.), 37 S. W. (2d) 482; Stolbert v. Walker-Jamar Co. (Mo. App.), 84 S. W. (2d) 213; Mikesch v. Scruggs, Vandervoort & Barney Dry Goods Co. (Mo. App.), 46 S. W. (2d) 961; Oard v. Hope Engineering Co., 228 Mo. App. 237, 64 S. W. (2d) 707, l. c. 710.

It is axiomatic under the law as written, that if no appeal is allowable from the action of the Workmen's Compensation Commission in changing an award from a periodical payment one, into a lump sum payment award, then the circuit court and the courts of appeals in entertaining and passing on the matters involved in such appeals had no jurisdiction so to do. Because, if an appeal was not permitted by the law, then the action of the circuit court in passing on the matters involved in such appeal, and the action of the appellate court in doing the same, was without any jurisdiction, because neither court had any jurisdiction except through the avenue of an appeal and the appeal

being not allowable it follows that neither court could have jurisdiction in the matters involved in such appeal, because it was a non-allowable appeal and their ruling on the matters involved in such appeal would be without authority and null and void.

Counsel for respondent meets this point with the suggestion that the question of right to appeal from the lump sum payment award of the Workmen's Compensation Commission was not raised in those cases. We do not deem it necessary that the question should be raised in order to make the action of the circuit court and appellate courts in entertaining such appeals tantamount to a holding that the appeal was properly taken from the lump sum award. So that the courts which entertained such appeals necessarily, *sub silentio* held that such appeals were allowable. By assuming jurisdiction of such appeals both the circuit and appellate courts at least held such appeals *sub silentio* to lie from such a lump sum commutation order of the Workmen's Compensation Commission. A court, in doing its duty, must, *sua sponte,* determine the question whether it has jurisdiction, for without jurisdiction to hear and determine the case, its judgment thereon would be null and void.

The word jurisdiction has been variously defined. It has been defined as authority to hear and determine. ·Jurisdiction is *coram judice.* It is the power to hear and determine the particular case and if such power does not exist in the court in point of law, then there can be no jurisdiction in the case. If this power does not exist with reference to any particular case, its determination by the court is an absolute nullity. Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceeding in question belongs. Jurisdiction of the subject matter always comes from the law and it cannot be waived nor conferred by consent of the parties or their counsel.

If no right of appeal existed from a lump sum award made by the Workmen's Compensation Commission, then an appeal from such an award would confer no jurisdiction on the circuit court, and likewise an appeal from the circuit court would confer no jurisdiction on the appellate court to hear and determine the merits of the matter involved and their acts in so doing would be nugatory. [Western Tie & Timber Co. v. Naylor Drainage Dist. No. 1, 226 Mo. 420, 126 S. W. 499.] It is obligatory on the court to determine the question of its jurisdiction on appeals *sua sponte* even though the question be not raised by the parties. [Ferguson v. Comfort, 159 Mo. App. 30, 139 S. W. 218; Beechwood v. Joplin-Pittsburg Ry. Co., 173 Mo. App. 371, 158 S. W. 868.]

It is a common and well recognized practice in the courts of appeal in this State to scrutinize the nature of appeals lodged therein to ascertain whether the jurisdiction to pass on and determine the matters

involved therein is vested in them or in the Supreme Court, and the Supreme Court does likewise.

Respondent stresses the idea that the Workmen's Compensation Commission is merely an administrative body and that its act in commuting the award of periodic payments into a lump sum payment is but an administrative detail, and therefore, not subject to the right of appeal and security by the courts.

In State ex rel. Brewen-Clark Syrup Co. v. Missouri Workmen's Compensation Commission (Mo., *in banc*), 8 S. W. (2d) 897, l. c. 899, in answering a similar argument the following language was used by the court:

"It must be conceded that the commission is not invested with judicial power in the sense in which that term is used in article 3 of the Constitution, providing for the distribution of the powers of government. . . . But it is authorized to hear and determine controversies between employer and employee; and, while it cannot in any case enforce its findings and award, such findings and award have the force and effect of the verdict of a jury, and in the same way become the basis for a court judgment. . . . In hearing and determining the facts the commission clearly performs a judicial function."

The Commission is required to pass on many facts under the terms set out in said section 3346 in making a commutation to a lump sum payment. It must find whether any unusual circumstances exist which would require such a departure. It must find whether it will be of any real benefit to the dependent receiving such lump sum payment. Many dependents would, following the well known weakness of human kind, speedily and injudiciously spend the lump sum payment and therefore become dependent on charity for subsistence. If the dependent receives the compensation weekly, such a result is not so probable. This is against the purpose and the spirit of the Workmen's Compensation law. The compensation allowed the injured employee, or the dependents of a deceased employee, in a way represents wages. Society and the state are interested. Besides, the lump sum payment plan might create an undue hardship and a needless expense on the employer. It might cause him to sell a part or all of his equipment to meet the lump sum payment and head him in the direction of the bankruptcy courts. It is generally the case that it is easier to pay in installments than in amounts which might be called "coarse" money. In the finding of facts justifying commutation to a lump sum payment the Workmen's Compensation Commission exercises a judicial function.

The cases of Reteuna v. Industrial Commission, 55 Utah, 258, 185 Pac. 535, and Wakenna Coal Co. v. Deaton, 233 Ky. 393, 25 S. W. (2d) 1024, cited by respondent in support of the contention that no

right of appeal exists, are not controlling on account of the dissimilarity between the statutes of those States and our Missouri statutes.

In Wors v. Tarlton (Mo. App.), 95 S. W. (2d) 1199, l. c. 1204, this court, speaking through Judge BECKER, used this language, viz:

"It has been held that an award made by the commission while acting within the scope of its authority determines the respective rights and liabilities of the parties as effectually as does a judgment secured by regular legal procedure, and is as binding and conclusive as a judgment until it is regularly set aside or its validity brought into question in a proper manner. [State ex rel. v. Missouri Workmen's Compensation Commission, 320 Mo. 893, 900, 8 S. W. (2d) 897, 900; 71 C. J. 924, 1182, 1195, 1200.]"

It is contended by respondent that the finding of the Commission that the claimant in a case under the Workmen's Compensation law is entitled to compensation and the fixing of some amount to be paid by the employer in weekly installments is the final award from which alone an appeal will lie.

This argument is based on the contention that there can be only one final judgment or award in a case, therefore, only one appeal can in any event be allowable. However, after a finding by the Commission that the claimant is entitled to compensation and the fixing of the periodical payments of the same, the Commission retains jurisdiction of the case, and where, later, the claimant seeks a lump sum payment, and it is upheld by the Commission, such action is a radical change in the original award, which affects the interests and rights of the claimant and the employer, who is thus required to pay in a lump sum. This order is, then the last order of the Commission, and may properly be deemed the final award in respect to the method of payment.

In a divorce case, the court, after granting a divorce, retains jurisdiction and may make subsequent orders in relation to the alimony and the custody of minor children from which appeals may lie as well as an appeal may be permitted from the judgment originally rendered in granting the divorce.

In Bushman v. Barlow, 328 Mo. 90, 40 S. W. (2d) 637, l. c. 638, the court quoted approvingly the following from 1 Freeman on Judgments, sec. 22:

"A final judgment or decree has been said to be one which disposes of the cause or of a distinct branch thereof, reserving no further question or direction for future determination."

For the reasons assigned hereinbefore, we are of the opinion that the right of appeal exists and that our peremptory writ of *mandamus* should issue directing respondent to allow the appeal, and, it is so ordered. *Becker* and *McCullen, JJ.*, concur.