FRED ARTHUR GRAVES, APPELLANT, v. O. F. ELLIOTT, INC., EMPLOYER: EMPLOYERS MUTUAL LIABILITY COMPANY, INSURER, RESPONDENTS. 195 S. W. (2d) 750.

Springfield Court of Appeals. July 2, 1946.

*Norman, Foulke & Warten* for appellant.

*Justin Ruark, F. H. Richart* and *Rex Titus* for respondents.

1150

VANDEVENTER, J.—This case came to the writer by reassignment. It is a claim of an employee under the Workmen's Compensation Act. The report of the accident was dated September 14, 1942, and stated that the accident happened in Joplin, Missouri. The claim for compensation was dated December 19, 1942, and stated that the place of the accident was "3317 Pearl, Joplin, Missouri." An answer to the claim for compensation was filed December 19, 1942, by the employer and insurer and this answer stated that the place of the accident was Joplin, Missouri. A notice of hearing was sent out by the Workmen's Compensation Commission setting the hearing for 3:30 P. M. February 10, 1943, at the "court house in Joplin, Missouri." The hearing was had before the Honorable Francis E. Kinder, Referee o fthe Workmen's Compensation Commission on the 10th day of February, 1943, in the court house, at Joplin, Jasper County, Missouri, all parties being present and participating. The record shows that the employee, Fred Arthur Graves, was sworn and in his testimony it developed, for the first time, that the alleged accident occurred in Newton County although at a place within the city limits of Joplin, Missouri. It was then stipulated by the parties, the employee, the employer and the insurance company, that since it had developed by the evidence that the employee claimed that the accident happened in Newton County, that the parties then agreed that they proceed with the hearing "before the Referee in the City of Joplin, Jasper County, Missouri as fully and completely as though the cause were duly set for hearing in Newton County, Missouri and that neither party will make any objection or take any exception to any act or thing done in this claim because of the fact that the hearing was had in the City of Joplin, Jasper County, Missouri, and notice of the hearing was issued by the Missouri Workmen's Compensation Commission to be held in the City of Joplin, Jasper County, Missouri rather than in Newton County, Missouri."

This stipulation appears in the record. The parties then proceeded with the hearing. On the 27th day of September, 1943, the Referee made his findings on the hearing and found that the disability complained of was not the result of an accident arising out of and in the course of the employment and compensation was denied. An application for review was filed on September 29, 1943 and on November 5, 1943 the whole Commission affirmed the findings and order of the Referee dated September 27, 1943. On November 8, 1943, three days later, the employee, by attorney, gave notice of appeal on a printed form furnished by the Commission but in filling out the blank spaces, inserted the word "Jasper" instead of "Newton." The Workmen's Compensation Commission, upon receipt of this notice, certified all the

documents and papers on file in the matter, together with a transcript of the evidence, the findings and award, to the circuit court, of Jasper County. This was done on the 18th day of November, 1943. When the matter came up for hearing at the September, 1944, term of the circuit court at Joplin, it was then discovered from the transcript in the cause that the accident occurred in Newton County and that the Missouri Workmen's Compensation Commission had erroneously certified the transcript to the Jasper County circuit court which had no jurisdiction. It was then ordered that the cause be remanded to the Compensation Commission for further action. On the 17th day of November, 1944, the entire record was sent to the circuit court of Newton County over the following certificate:

"To the Circuit Court of Newton County, Neosho, Missouri:

"An appeal having been taken in the foregoing matter from the award, order or decision of the Missouri Workmen's Compensation Commission, by order of said Commission it is hereby certified that hereto attached are all the documents and papers on file in the matter, together with a transcript of the evidence, the findings and award, and the same are herewith returned to the Court as provided by law.

"IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Commission.

"Given at the City of Jefferson, State of Missouri, this 17th day of November, 1944.

Helen Ross

(Seal)

Assistant Secretary of
said Commission."

The employer and the insurance company later filed a motion in the circuit court of Newton County to dismiss the cause for the reason that the appeal "was not taken within the time required by statute." The court heard the motion and sustained it on the 21st day of February, 1945, and on the same day the employee filed an affidavit of appeal and also a notice of appeal and the case is here for review.

The only questions here are (1) did the circuit court of Newton County commit error in dismissing the appeal and (2) is the order dismissing the appeal of such finality that it can be appealed from?

Section 3732, Revised Statutes Missouri 1939, states that an appeal from the final award of the Commission shall be conclusive and binding unless either party to the dispute shall within thirty days from the date of the final award appeal to the circuit court of the county in which the accident occurred. If the statute ended there it might be questionable as to whether the proper notice of appeal had been given in time but the statute further on goes into some detail as to what shall be done to appeal and who shall do it. It states further:

"Such appeal may be taken by filing notice of appeal with the commission, whereupon the commission shall under its certificate return to the court all documents and papers on file in the matter, together with a transcript of the evidence, the findings and award, which shall thereupon become the record of the cause."

It will therefore be seen that the duty of the appellant is to file the notice of appeal with the Commission, whereupon the duty shifts and it becomes the duty of the Commission under its Certificate to return to the circuit court of the county, in which the accident happened, all documents and papers on file in the matter together with a transcript of the evidence, the findings and award. This makes up the record in the case and is a ministerial duty placed upon the Commission which may be compelled by mandamus. [State ex rel. Missouri Gravel Co. v. Missouri Workmen's Compensation Commission, 113 S. W. (2d) 1034, 234 Mo. App. 232.]

When a notice of appeal is filed the Commission has no discretion in the matter and makes no order granting the appeal. The filing of the notice merely makes it mandatory upon the Commission to certify the record to the circuit court of the county in which the accident happened. The law, and not the notice, fixes the venue of the appeal.

That the accident happened in Newton County was known to Referee Kinder, was known to each member of the Commission when they affirmed the findings of Referee Kinder and the Commission "erroneously" certified it to Jasper County as was found by the circuit court of that county when the case came up for hearing.

Section 3754 of the Workmen's Compensation Act (R. S. Mo. 1939) is as follows:

"All of the provisions of this chapter shall be liberally construed with a view to the public welfare and a substantial compliance therewith shall be sufficient to give effect to rules, regulations, requirements, awards, orders or decisions of the commission, and they shall not be declared inoperative, illegal or void for any omission of a technical nature in respect thereto."

Numerous decisions of the appellate courts have held that the Workmen's Compensation Law should be liberally construed in favor of the employee. [Dauster v. Star Mfg. Co. (Mo. App.), 145 S. W. (2d) 499; Morehead v. Grigsby, 132 S. W. (2d) 237, 234 Mo. App. 426; Caldwell v. Melbourne Hotel Co. (Mo. App.), 116 S. W. (2d) 232; Baird v. Gleaner Harvester Corp. (Mo. App.), 172 S. W. (2d) 892; Allen v. Raftery, 174 S. W. (2d) 345, 237 Mo. App. 542; Daugherty v. City of Monett (Mo. App.), 192 S. W. (2d) 51.]

It is true that the attorney for the employee inserted the name "Jasper" instead of "Newton" in the printed notice of appeal furnished by the Commission, but it was still a notice of appeal given within three days of the decision of the whole Commission. We be-

1154

lieve that, although the notice was defective, it was still a notice under a liberal construction of the act. The employee should not be penalized for the failure of the Commission to send the record in the case to the proper court when all the necessary information was in the very record they were certifying. It is our opinion that the circuit court committed error in dismissing the appeal on the ground that no timely notice of appeal was given as required by statute.

It is urged by respondent that the judgment of dismissal is not final and therefore an appeal will not lie therefrom. We can conceive of no judgment with more finality. It disposes of the case forever upon the docket of the circuit court of Newton County unless appealed from and it makes final the Commission's affirmance of the findings of the Referee. Section 3732 says that the award of the Commission shall be conclusive and binding unless appealed from. The dismissal of the appeal by the circuit court is tantamount to a holding that the award of the Commission was not appealed from. We hold it was a final judgment so far as the right to appeal therefrom was concerned. Being of the opinion that the circuit court committed error in sustaining the motion to dismiss, it is ordered that the case be reversed and remanded to the circuit court of Newton County for further proceedings in conformity with this opinion.

*Fulbright, P. J.,* concurs; *Blair, J.,* dissents in separate opinion. (No. 6579)

DISSENTING OPINION.

BLAIR, J.—As appears from the majority opinion, this case was reassigned. It was originally assigned to me, and I wrote an opinion, with the concurrence of the other judges of this court, dismissing the appeal. The opinion was afterwards withdrawn, as plaintiff, on motion for rehearing, showed "good cause" for his failure to file transcript on appeal in time. The case was again assigned to me, and as it had been briefed and argued, I wrote an opinion affirming the action of the Circuit Court of Newton County in dismissing the appeal, because the appeal was not timely filed there. With this opinion the majority of the court disagreed. I am of the same opinion still.

It appears from the stipulation entered into before the Referee, Honorable Francis M. Kinder, on February 10, 1943, that everyone knew that the alleged accident occurrer in that part of the city of Joplin, which is in Newton County, and hence that, under the provisions of Section 3732, Revised Statutes Missouri 1939, the Circuit Court of Newton County *only* would have jurisdiction of any appeal from the final award of the Workmen's Compensation Commission. The stipulation then entered into did not purport to go any further than the hearing before the Referee. The Referee and the attorneys

for both sides then knew that the alleged accident occurred in Newton County, and the Workmen's Compensation Commission, if it read the record, knew that the Circuit Court of Newton County *alone* had jurisdiction of any appeal taken by claimant from its final award.

The Commission affirmed the award of the Referee on November 5, 1943, and appeal from the final award of the Commission was taken by claimant on November 8, 1943. The attorneys for claimant, with full knowledge that the Circuit Court of Jasper County had no jurisdiction, asked the Commission to send the papers to Jasper County. Section 3732, Revised Statutes Missouri, 1939, provides that the award of the Commission shall be final and binding "unless either party to the dispute shall *within 30 days* from the date of the final award *appeal* to the circuit court of the county *in which the accident occurred.*" . . . (Emphasis mine.)

The part of said section, quoted in the majority opinion, merely tells *how* such "party to the dispute" shall go about it to appeal. I think it is still the duty of the Commission to award appeal to the circuit court of the county where the accident occurred, and that it is still the duty of claimant to see that his appeal is sent to the proper county. [Downing v. Lashot, 201 Mo. App. 75.] The Commission could not free itself of blame, in granting the appeal, by sending it to a county where counsel for claimant erroneously asked that such appeal be sent.

Claimant could have mandamused the Commission to send it to the right county, as the majority opinion concedes. Claimant had until December 3, 1943, to *mandamus* the Commission to send the appeal to the proper county. This claimant did not do, evidently because it had not then occurred to counsel for claimant that the appeal had been awarded to the wrong county.

Counsel for claimant, with full knowledge that the alleged accident occurred in Newton County, slept on his rights until the September Term, 1944, of the Circuit Court of Jasper County, when the Judge of that Court, or someone, realized that the Circuit Court of Jasper County, where the alleged accident did *not* occur, had no jurisdiction of the case and that court sent it back to the Commission.

Then the Workmen's Compensation Commission, over a year after it made its final award, realizing that it was then too late to grant an appeal itself to the proper county, merely made the order on November 17, 1944, correcting its records and advising the Circuit Court of Newton County that "an appeal having been taken in the foregoing matter" certified to that court that certain documents were "herewith returned to the court, as provided by law.

I do not know why the Commission said: "as provided by law." The law does not so provide. The Commission had no power to certify anything to the Circuit Court of Newton County, *unless* an appeal "by either party to the dispute" was taken *within 30 days*

*from the date of the final award of the Commission.* It will be noted that the Commission did not certify that an appeal had been properly taken. It merely undertook, at the suggestion of claimant's counsel, to strike out the word "Jasper", in the application for appeal, and to insert the word "Newton", in lieu thereof. Counsel for claimant, in a letter of November 4, 1944, acknowledged his mistake and merely asked the Commission as follows:

"The Commission, therefore, should now forward the files to the Circuit Court of Newton County, Missouri, and inasmuch as we inadvertently inserted in the blank form of appeal, the word 'Jasper' instead of the word 'Newton', we ask the Commission to amend our application for appeal by striking out the word 'Jasper', and inserting therein the word 'Newton', before the files are forwarded to the Newton County Circuit Court."

I do not think an appeal can be taken in any such manner, and that, as it was more than thirty days after the date of the final award of the Commission before the documents were certified to the Circuit Court of Newton County, and received by that court, the circuit court of that county properly dismissed the appeal, because it was not timely filed in that court, or taken from the final award of the Workmen's Compensation Commission.

I agree with the majority opinion that the order made in the Circuit Court of Newton County was an appealable order and that respondents' motion to dismiss the appeal, made in this court on that ground, should be overruled. Neither are we concerned on this appeal with the merits of claimant's case. We cannot pass on any matter that the Circuit Court of Newton County did not decide.

The majority opinion cites the provisions of section 3754, Revised Statutes 1939. The Commission, at the instigation of claimant's counsel, did not substantially comply with the provisions of Chapter 29, Revised Statutes Missouri 1939, when it sent the appeal, taken by claimant, to a county where the alleged accident did *not* occur. I do not think it is at all "technical" for this court to insist that the provisions of section 3732, Revised Statutes 1939, for taking an appeal from the Workmen's Compensation Commission to the circuit court, be complied with. It will be time enough to hold that an appeal, sent to the wrong county, is effective, when the Legislature so provides.

Appeals were not known to common law, but are solely creatures of statute. The final award of the Commission, like the judgment of a circuit court, is binding upon a litigant, unless an appeal is taken in obedience to a *statutory provision.* In holding that an appeal was properly taken to the Circuit Court of Newton County, Missouri, the opinion of the majority, in my judgment, is in direct conflict with and contrary to the following case of the Supreme Court, to-wit:

Stephens v. D. M. Oberman Mfg. Co., 334 Mo. 1078, 70 S. W. (2d) 899, and cases cited therein; and other cases too numerous to mention.

The majority opinion is also in direct conflict with and contrary to decisions of the Supreme Court and the several Courts of Appeals, in holding that the record made in the Workmen's Compensation Commission could be amended, at the suggestion of claimant's counsel, after more than thirty days, by merely having the Commission correct its records and send the documents and other papers to the Circuit Court of Newton County. It has always been the duty of an appellant to see that the appeal which he·had previously taken was properly taken. [Downing v. Lashot, 201 Mo. App. 75, and cases from the Supreme Court therein cited.]

We cannot by mere construction, in the name of liberalism, wipe out the plain provisions of the Legislature in section 3732, Revised Statutes Missouri 1939.

It, therefore, becomes my duty, as a member of the Springfield Court of Appeals, not only to dissent from the majority opinion of this court, but also to certify this case to the Supreme Court of Missouri, as.provided in Section 10, Article V, of the Constitution of Missouri.