STATE OF MISSOURI, Respondent, v. MATILDA CALD-
WELL ET AL., Appellants.

St. Louis Court of Appeals, April 20, 1886.

1. CRIMINAL LAW — APPELLATE PRACTICE — FAILURE TO FILE TRAN-
   SCRIPT.—The respondent in a criminal case, where the appeal is·
   without *supersedeas* and the appellant fails to file a transcript of
   the record, may, at the return term, produce a transcript, and the
   judgment will be affirmed unless the appellant show good cause for
   his failure.

2. ———— The failure of the clerk, upon request, to make out and
   transmit to the clerk of the appellate court a transcript of the re-
   cord within the proper time, is not good cause for refusing to affirm
   the judgment.

3. ———— There is no inconsistency between section 3720, of the Re-
   vised Statutes, which imposes upon the clerk the duty of making
   and of transmitting to the clerk of the appellate court, a transcript
   of the record, and section 3717, which requires the appellant to
   cause the same to be filed within a specified time.

APPEAL from the Lewis County Circuit Court, BEN.
E. TURNER, Judge.

*Affirmed.*

BLAIR & MEACHAM, for the appellant.

OLIVER C. CLAY, for the respondent.

LEWIS, P. J., delivered the opinion of the court on
motion to affirm.

An appeal was allowed to the defendants in this
cause, on September 26, 1885. No transcript of the re-
cord having been filed by them within the time required
by law, the respondent produces in court a perfect tran-
script, duly certified, and asks for an affirmance of the
judgment. The appellants resist this application and

undertake to show, by affidavits, good cause for their failure to prosecute the appeal.

It appears that, on or about December 30, 1885, the defendants' attorneys directed the clerk to make out a transcript and send it to the clerk of this court, for filing, without delay. The circuit clerk had the transcript completed and ready in ample time for due transmission, but withheld it because he had not been furnished with the docket fee of ten dollars which should be paid to the clerk of this court on the filing of the transcript. The circuit clerk heard nothing further from the attorneys for the defendants until after February 13, 1886, which was the last day for filing. The managing counsel for the defendants, was absent during the early part of February, and it was not until after the date just mentioned when he first heard that the transcript had not been forwarded to this court. He then caused it to be sent and filed here on March 9, 1886.

No stay or *supersedeas* was ordered on the granting of the appeal. It follows that, as to the matter of this motion, the case stands on the same footing with civil cases. Rev. Stat., sect. 1990; *The State v. Jilz*, 3 Mo. App. 597; *The State v. Daily*, 45 Mo. 153. The only question, then, is, whether the appellants have shown "good cause," sufficient to excuse their failure to file the transcript within the proper time. Upon this question, the supreme court has furnished us with a light so clear that we can not ignore it if we would. In *Caldwell v. Hawkins* (46 Mo. 263), it is held that the duty of filing the transcript in proper time is a personal duty devolving on the appellant, and he can not transfer it to the clerk; nor will it avail the appellant that he had *several times* asked the circuit clerk to make it out and send it up, and that the latter had promised to do so. The supreme court adds that the statutory duty of the appellate court, in such a case, is "plain and imperative, and can not be dispensed with."

The present case is, if possible, stronger against the

appellants, since it appears that only one request was made of the clerk. The rule established by the supreme court is binding upon us, and permits us to give no weight whatever to the facts set up by these appellants, as showing good cause for their dereliction. The imperative necessity thus declared to us is, that we affirm the judgment. To the same effect is *Redway v. Chapman* (48 Mo. 218).

It is argued for the appellants that the law on this subject has been modified by section 3720, of the Revised Statutes, which makes it the duty of the clerk, whenever an appeal is granted, to make out and send to the clerk of the appellate court a complete copy of the record; that this provision is inconsistent with section 3717, and, in the order of the dates of enactment, repeals it. We can not perceive the effect claimed. There is no inconsistency between a mandatory direction to the clerk, that he do a particular act, and another, with a possible penalty attached, to the appellant, requiring him to see that the clerk does it. Both provisions can be obeyed by the parties, respectively, to whom they are addressed. Literally, the clerk is to make out and send a copy of the record; the appellant, under penalty of affirmance, on motion, must cause it to be filed in the office of the appellate court, within the time prescribed. The provisions may be cumulative, but they are not inconsistent.

We can not deny to the respondent a right solemnly guaranteed by the statute, and must, therefore, sustain the motion for an affirmance of the judgment. All the judges concur.