## STATE OF MISSOURI, Respondent, v. J. E. DEMPSEY, Appellant.

### Kansas City Court of Appeals, February 17, 1913.

1. **APPEAL AND ERROR: Abstract of Record: Supersedeas.** When an appeal is taken and no stay or *supersedeas* granted, nor a full transcript or printed abstract of the record filed within the time required by Sec. 2048, R. S. 1909, it is not the duty of the appellate court to obtain the record in a manner not provided by the statute.

2. ——: ——: **Duty of Court.** When a full transcript of the record has been lodged in the appellate court in the time prescribed by the statute, it is the duty of the court to render judgment on the record regardless of the absence of an abstract, statement or brief.

Appeal from Chariton Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*J. A. Collett* and *John D. Taylor* for appellant.

*Roy W. Rucker* for respondent.

JOHNSON, J.—A short form transcript was filed in this court February 19, 1910, from which it appears that defendant was allowed an appeal from a judgment rendered against him in the circuit court on a verdict of a jury finding defendant "guilty as charged in the information and assessing" his punishment at a fine of three hundred dollars. No stay or *supersedeas* was ordered on the granting of the appeal and the transcript does not inform us of the nature of the case, but we shall assume it was a prosecution for some misdemeanor alleged to have been committed by defendant. . The appeal was returnable to the October term, 1910, but no full transcript of the record was filed fifteen days before that term.

Pursuant to a written stipulation filed by the parties the cause was continued to the March term, 1911, and then to the October term of that year. No transcript of the record, abstract, statement or brief has been filed and there is nothing before us for consideration and determination.

If a full transcript of the record had been lodged in this court in the time prescribed by statute it would be our duty to render judgment on the record regardless of the absence of an abstract, statements and briefs. [Sec. 5312, R. S. 1909; Hamuel v. State, 5

Mo. 260; State v. Davidson, 73 Mo. 428; State v. Rhodes, 35 Mo. App. 360; State v. Ross, 119 Mo. App. 401.] But in the absence of such transcript we are constrained to ascertain upon whom the duty devolved of filing a perfect transcript. Section 5308, Revised Statutes 1909, imposes such duty on the clerk of the circuit court in criminal causes where the appeal operates as a stay of proceedings. Section 5309 puts the duty on the appellant where the appeal does not operate as a stay of proceedings and provides that on the application of the appellant, the clerk of the circuit court shall make out, certify and return the transcript "as in civil cases except that the costs of the transcript shall not be required in advance."

Section 2048 required the transcript to be filed fifteen days before the first day of the October term, 1910. Since the appeal in this action did not operate to stay the proceedings, the duty of filing the transcript was on the appellant. As was said by the Supreme Court in Caldwell v. Hawkins, 46 Mo. 263, and by the St. Louis Court of Appeals in State v. Caldwell, 21 Mo. App. 645, "the duty of filing the transcript in proper time is a personal duty devolving on the appellant and he cannot transfer it to the clerk . . . the statutory duty is plain and imperative and cannot be dispensed with."

By merely filing a short form transcript and doing nothing more appellant cannot be said to have performed his duty. Without either a full record or a printed abstract of the record we are left completely in the dark about the case and to construe the statutes as providing that an appellant may leave us in such situation would impose on us the duty of obtaining the record in a manner not provided by statute and manifestly not within the purpose of the code of procedure.

The judgment is affirmed. All concur.