FRANK REEVES et al. v. I. E. GREEN, Appellant.

Division One, June 2, 1920.

1. **APPEAL: Untimely Filing of Transcript: Excuse.** Where the appellant files an affidavit showing he had promptly paid the docket fee of ten dollars to the circuit clerk and had directed the clerk to make out and forward to the clerk of the proper appellate court a transcript of the judgment, and the transcript filed shows that the docket fee was paid, the appeal ought not to be dismissed or the judgment affirmed for failure to file the transcript within the time prescribed by the statute.

2. **PUBLIC ROAD: Jurisdiction and Errors.** The circuit court acquires no jurisdiction of the matter of establishing a public road unless the county court from whose judgment an appeal is taken had acquired jurisdiction. But there is a broad distinction between jurisdiction and errors of record in the county court.

3. ———: ———: **Public Necessity.** The filing or presentation of a proper petition, of which due and proper notice has been given, confers jurisdiction upon the county court in the matter of establishing a public road; and the petition and notice in this case complied with all necessary statutory requirements; and those necessary jurisdictional facts being present, the fact that the order of the county court establishing the road contained no special finding of public necessity does not affect the question of jurisdiction on appeal to the circuit court, nor will any other irregularities in the proceedings in the county court.

4. ———: ———: **Nunc Pro Tunc Order.** If the county court, by proper petition and due notice, had acquired jurisdiction of the matter of establishing a public road, a complaint of a *nunc pro tunc* order of the county court in conformity to a direction by the circuit court to make its record show the facts, is of no avail in a trial *de novo* in the circuit court.

5. ———: **Two Townships Instead of Three.** The petition for the public road said that the road forty feet wide was to run through Thomas and Washington townships, and the circuit court found

that the line of the road as set out in the petition made it run through Thomas, Washington and Varner townships. The facts are that the road ran for a half mile on the dividing line between Washington and Varner townships, twenty feet of it being in Washington and twenty feet in Varner; but the description of the road called for the corner of a section line dividing the townships as a terminus, and the circuit court located the road on the exact line described in the petition and notice, and found that the petitioners came from all three townships. *Held*, that no harm came from the omission of Varner township from the petition, for the reason that the petition and notice by designating the width and fixed line of the road showed that the twenty-foot strip was in fact in Varner township, and no one being misled the judgment establishing the road is affirmed.

Appeal from Ripley Circuit Court.—*Hon. J. P. Foard*, Judge.

AFFIRMED.

*Charles B. Butler* for appellant.

(1) The petition must show all jurisdictional facts. There is nothing in the petition that shows that the road runs through Varner Township or that any of the petitioners are residents thereof. All facts necessary to confer jurisdiction must appear in the records of the county court. The record must show that the petition was signed by twelve freeholders of the municipal townships through which the road runs. Railroad v. Young, 96 Mo. 39; State ex rel. v. St. Louis County, 254 Mo. 329; City of Tarkio v. Clark, 186 Mo. 285. (2) The law will be strictly construed. Spurgeon v. Bartlett, 56 Mo. App. 349; Williams v. Beatty, 139 Mo. App. 167; State ex rel. v. St. Louis County, 254 Mo. 329; State ex rel. v. Duncan, 150 Mo. App. 403; City of Tarkio v. Clark, 186 Mo. 285. (3) The residence of petitions is a jurisdictional fact which must be found by the county court before it can take jurisdiction over the subject-matter, and the records of the county court must show that the petitioners possessed every necessary qualification without which further proceeding is a nullity. Fisher v. Davis,

27 Mo. App. 321; Jefferson County v. Cowan, 54 Mo. 234; Colville v. Judy, 73 Mo. 651. This the record of the county court fails to recite. (4) The fact of having given the required notice should also be found and appear in the records of the county court. Railroad v. Young, 96 Mo. 39; Lingo v. Burford, 112 Mo. 149. (5) The records of the county court do not show that the petition was signed by twelve freeholders of the municipal townships of Thomas, Washington and Varner and that notices were posted twenty days before the first day of the term of court at which the petition was presented, one of which was at the beginning and one at the terminus of the road. The circuit court had no jurisdiction to find these facts on the trial *de novo*. Fisher v. Davis, 27 Mo. App. 321; Haggard v. Railroad, 63 Mo. 303; Gist v. Loring, 60 Mo. 487; McQuoid v. Lamb, 19 Mo. App. 153; Whetley v. Pratt, 73 Mo. 30; Ellis v. Pacific Ry. Co., 51 Mo. 200; Leonard v. Sparks, 63 Mo. App. 585. Patchen v. Durett, 116 Mo. App. 437; Purcell v. Merritt, 172 Mo. App. 418. (6) It is not admissible to make a *nunc pro tunc* order based upon any amount of oral testimony nor upon the memory of the judge. Such entry can only be made upon evidence furnished by the papers and files in the cause or something of record as a basis to amend by. There is nothing in the record in this cause whereby the court could make the *nunc pro tunc* order herein. There is nothing in the records that shows the residence of petitioners or that notices were legally posted. Exchange Bank v. Allen, 68 Mo. 476; Jones v. Hart, 60 Mo. 356; State v. Jeffers, 64 Mo. 378; Ross v. Railroad, 141 Mo. 395; State v. Libbey, 203 Mo. 596; Crawford v. Railroad, 171 Mo. 68; Collier v. Lead Co., 208 Mo. 273.

*Borth & Ferguson* and *J. F. Fulbright* for respondents.

The county court has jurisdiction over the establishment of public roads, and when the proper petition is filed and the notice required by statute is given the court

has jurisdiction over the cause. If the petition is signed by at least twelve freeholders of the municipal township or townships through which said proposed road runs, three of whom are of the immediate neighborhood and said petition is accompanied by the names of all resident persons owning land through which said proposed road runs, with the amount of damages claimed by them and the names of those who are willing to give the right of way of said proposed road, the county court is possessed with jurisdiction and no error or irregularity on the part of the county court will dispossess it of jurisdiction or render the whole proceeding void so as to vitiate the proceedings on appeal in the circuit court and the circuit court is not bound by the errors or irregularities of the county court nor hindered thereby in its jurisdiction. Bennett v. Hall, 184 Mo. 407; Stutz v. Cameron, 254 Mo. 340; Davis v. O'Bryant, 175 S. W. 931; Ripkey v. Binns, 175 S. W. 206.

GRAVES, J.—After the rejection of one opinion here, this cause has been reassigned to the writer. It involves the establishment of a public road in Ripley County. The appeal was taken to the Springfield Court of Appeals, and by that court certified here on the ground that title to real estate is involved. Plaintiffs (respondents) were petitioners for the establishment of a certain public read in Ripley County, a proceeding instituted in the County Court of Ripley County. The road was ordered, and a part of the appellant's land will be required and taken therefor. Upon appeal to the circuit court the road was ordered, appellant's damages assessed, and from such judgment is this appeal. The questions urged by the assignment of error in the brief go to the jurisdiction of the county and circuit courts of said county. The pertinent facts can best be stated with the points made, and in the course of the opinion.

I. A preliminary question presents itself. There was a motion filed in the Springfield Court of Appeals to affirm the judgment for a failure to file therein a tran-

script of the judgment within the time prescribed by law, and for a failure to comply with the rules of that court in filing an abstract and brief. The appeal was granted more than sixty days prior to the October term of the Springfield Court of Appeals, but no transcript of the judgment was filed there until October 20th of the year of the appeal. The appellant filed in that court an affidavit showing that he had directed the circuit clerk to make out and forward a transcript of the judgment to the Springfield Court of Appeals, and had paid the docket fee of that court ($10), and thought the clerk of the circuit court had attended to the matter. The transcript when filed shows that the docket fee of $10 was paid to the Clerk of the Springfield Court of Appeals, by the Circuit Clerk of Ripley County. The Springfield Court of Appeals finding itself without jurisdiction, has certified the whole matter here, including this motion to affirm the judgment and the showing *contra.*. We need not go further than to say that, under our statute, appellant made a good showing as against the motion to affirm the judgment, and this motion is therefore overruled.

*Appeal: Timely Filing.*

II. As suggested, the attack is upon the sufficiency of the showing as to jurisdiction, both in the county court and the circuit court. In the circuit court there was a motion to dismiss the proceeding, for want of jurisdiction. The petition for the road (as filed in the county court) in part said:

*Petition and Notice.*

"We, the undersigned citizens of said county, at least twelve duly qualified and competent adult petitioners, residents of and in own proper right owners of land in the municipal townships hereinafter named, that is to say, at least twelve freeholders of the municipal townships hereinafter named, three of whom reside in the immediate neighborhood of the following described proposed road, respectfully represent and aver that the proposed public road hereinafter described, is forty feet in width, and situated in the Municipal Township

of Thomas and Washington, in the County of Ripley and State of Missouri, and is of sufficiently great utility to the general public, and is not a change of a previous location, and that the beginning, courses and termination thereof, with not less than two points named on the direction of said public road, are as follows, to-wit: . . .

"And we further aver that said public road is entirely practicable and a public necessity. , And we further aver that the said public road is whenever practicable along Government surveys, and that this petition is accompanied by the names of all residents and other persons owning land through which said proposed public road shall run, with the amounts of damages claimed by each of them so far as can be ascertained, and also by the names of all those who are willing to give the right of way for said proposed public road; and we further aver that as and for public notice of this application not less than three triplicate original written handbills were by said petitioners duly put up in not less than three distinct, separate and independent public places in said municipal townships, one at the proposed beginning of said public road, and one at the proposed termination of said public road and one at Naylor post office in said Thomas Township, in said county, more than twenty days before the first day of the regular term of said county court at which this application is presented, to-wit, before and on Monday the 3rd day of August, 1914, and there maintained to this date, and that a duplicate original copy of one of said public notices is herewith filed with return thereof duly entered thereon, and that by said means public notice of this application has been duly given, and said county court has duly obtained jurisdiction of the subject-matter and of all parties herein, and that the facts herein justify the establishment of said public road at the expense of said petitioners. Wherefore, said petitioners pray an order for the establishment of said proposed public road, and for all proper relief.

"Dated at said county, this 3rd day of July, 1914, as witness our respective hands, full names and proper signatures."

Then follows the signature of nineteen persons. The foregoing is the entire petition, except the description of the proposed road. At the August term of the county court, the following order was made:

"The court orders the highway engineer to survey and report at the next regular term of this court, commencing in the Municipal Township of Thomas at the center of Section Two, in Township 22 N., Range 4 East, and run thence north on the half section line across Section 35, Township 23 N., Range 4 East, and to the center of Section 26, Township 23 N., Range 4 East, and run thence east on the half section line to the county line between Butler and Ripley County and terminating at the N. E. corner of the SE 1/4 of said Section 26, same Township and Range, in the Municipal Township of Washington, and the said petition coming on to be heard and having been publicly read in open court and being proven by two witnesses, namely, to-wit, Frank Reeves and C. H. Scott, to the satisfaction of the court, that due legal notice had been given according to law and that the signers thereto are twelve freeholders residing in Ripley County and that three of them live in the immediate neighborhood of said proposed road. The court therefore orders the highway engineer to survey and mark out said proposed road 40 feet wide as set forth in said petition between the points as set forth and make due report of his proceedings at next regular term of this court."

At the November adjourned term, 1914, the court entry shows the following:

"Frank Reeves et and al, Petitioners. In the matter of a Petition for the location of a Public Road.

"Court orders same established when cut out and received by highway engineer."

At the regular February term following, the appellant filed his exceptions, giving as his reasons the following:

"Your exceptor therefore excepts to said road and the report of the commissioners aforesaid for the following reasons:

"1st. Said road is not a public necessity.

"2nd. That the right of way has not been legally secured.

"3rd. That the amount of damages awarded by the commissioners appointed by the court to exceptor is inadequate for the injury done.

"Wherefore your exceptor prays that a jury be summoned according to law to try the question of damages to exceptor herein.

"I. E. GREEN, Exceptor.
"CHAS. B. BUTLER,
"Attorney for Exceptor."

Trial was had and the jury in the county court allowed exceptor $118 in damages.

At the same term (February, 1915) the county court made the following order:

"It is ordered by the court that the report of the highway engineer be and is hereby approved and road ordered established, and the road overseer through whose district the said proposed road runs proceed under direction of the highway engineer to open the same and that the owner of land condemned shall have five months in which to erect the necessary fences for the opening of said road."

On the same day appeal was granted to the circuit court, wherein the motion to dismiss the appeal, mentioned *infra,* was filed.

Upon a trial in the circuit court, *de novo,* that court by its judgment, after reciting the verdict of the jury which found the issues for petitioners, and fixed the appellant's damage at $200, found the following fact:

"And it appearing to the court in the trial of this cause that on the fifth day of August, 1914, there was

presented to the Ripley County Court at its regular August, 1914, term, a petition for the establishment of a new county road, forty feet wide in Thomas, Washington and Varner townships, commencing at the center of section two in township twenty-two north, range four east, in Thomas Township, and running thence north on the half section line across section thirty-five, township twenty-three north, range four east, to the center of section twenty-six, township twenty-three north, range four east, and running thence east on the half section line to the line between Butler and Ripley counties and terminating at the northeast corner of the southeast quarter of section twenty-six, township twenty-three north, range four east, in the municipal township of Washington and Varner, and it further appearing to the satisfaction of the court by two witnesses, namely, Frank Reeves and C. H. Scott, that notice of said intended application had been given by written handbills put up in three public places in said municipal townships of Thomas, Washington and Varner, that one of the said notices was put up at the proposed beginning and one at the proposed termination of said road, more than twenty days before the first day of the regular August, 1914, term, of the Ripley County Court. And it further appearing to the court that said petition is signed by more than twelve freeholders of the municipal townships of Thomas, Washington and Varner, through which said proposed road runs, and that three of whom live in the immediate neighborhood of said road and that said petition is accompanied by the names of all resident persons owning land through which said proposed road runs, with the amount of damages claimed by them so far as was ascertained and the names of those who are willing to give right of way for said proposed road.

"And it further appearing to the court that said proposed road is practical and a public necessity, it is therefore ordered that all the proceedings herein had for the establishment of said proposed road, forty feet

282 Mo.—34

wide, between the points as set forth herein, be confirmed and are hereby adjudged in full force and effect.

"And it further appearing to the court from the petition herein filed that the said petitioners prayed for the establishment of said public road at the expense of said petitioners and that said petitioners have paid into court $120, it is ordered, considered and adjudged. that said proposed road be established in the manner provided by law and that said exceptor, I. E. Green, have and recover of Ripley County, Missouri, the sum of $200, as his damages and all costs herein expended."

It should be noted that prior to the trial, the circuit court upon application of the petitioners for the road, directed the county court to correct its record so as to conform to the facts, and recertify its record to the circuit court.

From the judgment of the circuit court, as above set out, this appeal was taken. As the jurisdiction of the circuit court, in proceedings of this character, is dependent upon the jurisdiction of the county court in the first instance, it is a question first to be determined, as to whether or not the county court had jurisdiction of this proceeding. It is trite law that, absent jurisdiction in the county court, the circuit court acquires no jurisdiction by appeal. But there is a broad distinction between jurisdiction and errors of record in the county court. A failure of jurisdiction is one thing, and errors in the record after the proper acquisition of jurisdiction is another thing. The above outlines the record sufficiently for us to determine the basic question, i. e. did the county court acquire jurisdiction?

*Jurisdiction and Errors.*

III. If this petition for a public road, set out above, be compared with Section 10435, Revised Statutes 1909, it will be found to contain every necessary averment. The petition was accompanied with list of landowners, and other matters required by this section. The notice accorded with the petition. The only thing to be noted is the fact that it speaks of only two

*Jurisdiction.*

townships, i. e. Thomas and Washington. The description of the road, as given in the petition is in detail, as follows:

"Commencing in the municipal Township of Thomas at the center of section two, in township twenty-two north, range four east, and run thence north on the half section line across section thirty-five, township twenty-three north, range four east, and to the center of section twenty-six, township twenty-three north, range four east, and run thence east on the half section line to the county line between Butler and Ripley County, and terminating at the northeast corner of the southeast quarter of said section twenty-six, same township and range, in the municipal Township of Washington."

The petition and notice stated all the necessary jurisdictional facts for the establishment of the road in the petition described. When the petition was acted upon by the county court, it was found that the signers thereof were "twelve freeholders residing in Ripley County and that three of them live in the immediate neighborhood of said proposed road." It was also found that "due legal notice had been given according to law." The order establishing the road at November adjourned term makes no further findings. There is no special finding of a public necessity in the county court, but there is a petition stating all required jurisdictional facts, including public necessity, and a finding of legal notice having been given.

Whatever may have been the early rulings in this State, it is now settled doctrine that the filing or presentation of a proper petition, of which due notice has been given, confers jurisdiction upon the county court in these road cases. [Bennett v. Hall, 184 Mo. l. c. 414 et seq.; Stutz v. Cameron, 254 Mo. l. c. 358, et seq.; Ripkey v. Binns, 175 S. W. l. c. 208; Davis v. O'Bryant, 175 S. W. l. c. 932.]

The latter two cases were not officially reported, because they followed the Bennett and Stutz cases, supra. However, WILLIAMS, C., in the Binns case, supra,

so concisely states the present rule, that we borrow from the opinion the following:

"The county court acquired jurisdiction when the petition, in due form, accompanied by the names of the resident landowners, was filed, and the required statutory notice given. Irregularities, if any, occurring in the proceedings in the county court after jurisdiction is once acquired, will not deprive the circuit court of its jurisdiction on appeal. [Stutz v. Cameron, 254 Mo.'340, l. c. 358, 359, 162 S. W. 221; Bennett v. Hall, 184 Mo. 407, l. c. 415-421, 83 S. W. 439.]"

We are dealing with a judgment of the circuit court, where there was a trial *de novo,* and we judge the sufficiency of that judgment, and not the judgment in the county court. As to the county court, we are only concerned in the matter of a sufficient petition and proper notice. With a sufficient petition and proper notice the county court acquired jurisdiction. This would sustain the derivative jurisdiction of the circuit court upon appeal. We then are interested (upon appeal from the circuit court) only in the proceedings and findings there. So go all our recent rulings. There was therefore no error in overruling the motion to dismiss the appeal for want of jurisdiction.

IV. Complaint is urged as to a *nunc pro tunc* order by the county court in conformity to a direction of the circuit court to make its record show the facts. This is beside the case. If, as we rule, the county court acquired jurisdiction of the cause by the filing of the proper petition, and the giving of a sufficient notice, the circuit court became possessed of the cause upon appeal, and we are only interested in the course of the case there. [See authorities cited, supra.]

Nunc Pro Tunc Order.

V. We reach now the real crux of this case. The judgment of the circuit court must be considered. The circuit court cannot change the petition filed in the county

court. This is the very basis of the case. This petition
averred that the proposed road was to
**Two Townships Instead of Three.** be forty feet in width, and was situated in
the municipal townships of Thomas and
Washington, in Ripley County. The petition averred
that it terminated at the county line between Butler and
Ripley counties "in the municipal Township of Wash-
ington." There is an apparent conflict between these al-
legations and the specific description of the road as given
in that portion of the petition, which gives the lines upon
which the road (40 feet in width) should run. By its
judgment the circuit court found that the line of the road
as set out in the petition made it run through Thomas,
Washington and Varner townships, instead of Thomas
and Washington townships, as averred in one portion
of the petition. It seems that the dividing line between
Washington and Varner townships is the half section line
of section twenty-six, so that when the forty-foot road
ran east a half mile from the center of section twenty-
six, it ran upon this dividing line, and the south 20 feet
of this half mile portion of the road would be in Varner
township. The circuit court found and located the road
on the exact line set out in the petition and notice, but
this twenty-foot strip of a half mile was in fact in Varner
township, and the road, or this twenty-foot portion of
it, terminated in Varner township, and the north half
of the road (20 feet in width) terminated in Washington
township. But whilst this is true the road terminated
at the northeast corner of the southeast quarter of sec-
tion twenty-six in Washington township—as averred
in the petition. This particular corner was the center
of the road at its termination. The circuit court judg-
ment finds all the facts necessary to establish a road on
the designated lines in the petition, but finds that it in-
volved three townships instead of two, and found that
the petitioners came from the three townships. We are
impressed with the idea, that, as the petition gave the
width of the road and the exact lines upon which it was
to run, and as the petitioners came from the three town-

ships interested (according to the findings of the circuit court) no harm came from the omission of Varner township (by name) in the petition. This for the reason that the width of the road, and its fixed line, showed that this small portion was in fact in Varner township. No person was misled.

Let the judgment be affirmed. All concur, except *Woodson, J.*, absent.