CHARLOTTE GLADER, RESPONDENT, v. CITY OF NEOSHO, APPELLANT. —193 S. W. (2d) 620.

Springfield Court of Appeals. April 8, 1946.

1000

*Ray England* and *Justin Ruark* for appellant.

*Wayne V. Slankard* and *Paul Carver* for respondent.

BY THE COURT.—Respondent will hereafter be referred to as plaintiff, and appellant as defendant, both as below.

On September 6, 1944, plaintiff filed her petition in the Circuit Court of Barry County. Thereafter, the defendant filed its amended answer and plaintiff filed her reply. The case came on for trial on March 27, 1945, the trial court gave its instructions and on March 28, 1945, the jury returned a verdict in favor of plaintiff. After the rendition of such verdict, defendant filed its motion for new trial,

which was overruled on June 29, 1945. On that day, defendant gave notice of an appeal to this court from the judgment on such verdict. On the same date the trial judge made an order extending the time for filing the transcript and bill of exceptions until November 1, 1945. By an order bearing the date of October 31, 1945, the trial judge certified that, "within the time so allowed and extended by the court for filing Bill of Exceptions and transcript of record herein, the defendant presents this, his Bill of Exceptions, and transcript of record," etc. Such transcript, or bill of exceptions, was originally filed in the Circuit Court of Barry County on October 31, 1945, as appears from the stamp of the clerk thereof. So far, the steps of record taken to secure appellate review apparently conformed to Laws of Missouri for 1943, beginning at page 353 thereof.

On January 18, 1946, plaintiff filed in this court her amended motion to dismiss the appeal of defendant and suggestions in support of such motion. The first ground of such motion is that defendant failed and neglected, without good cause, to file in this court its transcript on appeal "within the additional time for such transcript on appeal, as allowed by the Circuit Court of Barry County, in violation of Mo. R. S. A. 847.137" (Sec. 137, Laws of 1943, page 394). Such section *requires* that the transcript on appeal be filed in the appellate court within ninety (90) days after the notice of appeal. (Subject to extension, as provided in Section 138, following.)

While such transcript appears by the file mark of the clerk of the Circuit Court of Barry County to have been filed in that court on October 31, 1945, such transcript was not actually filed in this court until November 9, 1945, as appears from a memorandum made by the clerk of this court.

Even though the file mark of the circuit clerk of Barry County does show that such transcript was filed there, in completed form, on October 31, 1945, his own affidavit shows that he certified the transcript on appeal to this court on November 8, 1945. Such transcript was not filed in this court on November 1, 1945, but on November 9, 1945.

The suggestions of defendant in opposition to the motion to dismiss the appeal and the affidavit attached to such suggestions show that the attorney for defendant went to Cassville and hunted up the trial judge to secure an amendment to such order from such judge several days after October 31, 1945, and the transcript on appeal was not filed with the clerk of this court, either as a bill of exceptions or as a transcript of the record on appeal, before November 9, 1945.

It is true, that Section 135 requires the filing of such transcript on appeal only with the clerk of the trial court, but Section 137 requires such transcript to be transferred to the appellate court within ninety (90) days from the filing of such notice of appeal. (In this case,

November 1, 1945, as such time was extended.) This was not done. Section 137 does not explicitly provide by whom such transcript on appeal shall be filed in the appellate court. Either defendant or the clerk of the trial court must have been derelict in duty, if such transcript was actually filed in the circuit court on October 31, 1945, as such transcript was not filed in this court until November 9, 1945, and there was no order by the trial court extending such time beyond November 1, 1945.

Defendant says in its suggestions in opposition to the motion of plaintiff to dismiss appeal, that "it still devolves upon the appellant to take steps to see that such duty (the duty of the circuit clerk) is performed." We agree to this. It is necessary to get away from old Sections 1194 and 1199, Revised Statutes 1939, referred to by defendant in its suggestions, and *now* follow the 1943 law, and that law explicitly requires that such transcript on appeal be filed in the appellate court by someone, and it is *now* the manifest duty of an appellant to see that such transcript is timely lodged in the appellate court. An appellant can take whatever steps are necessary to secure such transfer. Our Supreme Court has said:

"The right of appeal in actions at law did not exist at common law, but is conferred by statute. [2 R. C. L. 27, sec. 2; 3 C. J. 299, sec. 3.] It is a familiar rule that the right of appeal exists, therefore, only where the statute provides for it and that a compliance with mandatory statutory procedure is essential. [Pence v. Kansas City Laundry Co. (Mo.), 59 S. W. (2d) 633; Manthey v. Kellerman Contracting Co., 311 Mo. 147, 277 S. W. 927; Pfothauer v. Ridgway, 307 Mo. 529, 271 S. W. 50.] We have no authority to act on appeals beyond that provided for by the Legislature." [Stephens v. D. N. Oberman Mfg. Co., 70 S. W. (2d) 899, 334 Mo. 1078.] And the case of Downing v. Lashot, 201 Mo. App. 75, l. c. 77, cited by plaintiff, which we regard as very much in point, and from which we quote, as follows:

"This and other courts have time and again stated that the duty of perfecting and prosecuting an appeal with diligence is primarily on the appellant and that he cannot, after taking the appeal, rest on his oars trusting to the clerk of either the trial or apellate court to remind him of any necessary step in perfecting his appeal. [State v. Pieski, 248 Mo. 718, 154 S. W. 747; Hofstatter v. Cantrell, 180 S. W. 435; State ex rel. v. Robertson, 264 Mo. 661, 671, 175 S. W. 610; State v. Chilton, 200 S. W. 745; State v. Dempsey, 168 Mo. App. 298, 153 S. W. 1064; State v. Faith, 180 Mo. App. 484, 494, 166 S. W. 649; State v. Bailey, 192 Mo. App. 391, 395, 181 S. W. 605]" [See also Farmers Produce Exchange of Lebanon v. Esther, 122 S. W. (2d) 35.] We could cite many other decisions of the Supreme Court and the several Courts of Appeals to the same effect. The interested reader

is simply referred to 2 Mo. Digest, page 360, and pocket parts for said volume for 1945 and 1946.

Section 6, Mo. Statutes for 1943, at page 358 (Mo. R. S. A., 847.6), Subdivision (b), explicitly requires that application for an extension of time for appellant to file an abstract on appeal be made *before* the expiration of the time previously given, and such application was not made in this case, and such time was not extended. Only the trial judge can make such extension and he must do it *before* the time allowed by law or his former extension has expired.

In view of the position we have taken as to the time when such transcript of record on appeal must be filed in this court, it is necessary to sustain plaintiff's motion to dismiss defendant's appeal on the first ground of plaintiff's amended motion.

The second ground of plaintiff's motion to dismiss the appeal is that the defendant "has failed and neglected to deliver to the respondent or to her attorneys, a typewritten copy of the transcript on appeal, within fifteen (15) days after the time such appellant was required to file such transcript on (in) the office of the Clerk of the Circuit Court of Barry County, Missouri, under Mo. R. S. A., Sections 847.135 (a), and 847.138, and still fails and neglects so to do, which has been without just cause or excuse; and is in violation of Appellate Court rule 1.04 (c)."

We think defendant is correct in saying that this is a matter of evidence. However, the affidavit of the clerk of the Circuit Court of Barry County, furnished by defendant, states that a copy of the original bill of exceptions was filed in his office on October 31, 1945. In any event, we are unable to find that sections 847.135 or 847.138, or Appellate Court Rule 1.04, anywhere requires service on respondent of a typewritten transcript on appeal after it is completed. We think there is nothing in this assignment, and overrule it.

The third ground of appellant's motion to dismiss appeal is as follows:

"That the appellant has not filed and allowed to remain in the office of the Circuit Clerk of Barry County, Missouri, a copy of such transcript in violation of Paragraph 2 of Section 847.135 (a), Mo. R. S. A."

As we have said before, this is largely a matter of proof. As far as anything before us is concerned, a copy of the transcript of the record on appeal was lodged with the clerk of the Circuit Court of Barry County on October 31, 1945. Whether or not such copy remained on file or was served on the respondent, is entirely a matter of proof, and we must overrule the third ground of respondent's moto dismiss the appeal.

Defendant has filed long suggestions in opposition to plaintiff's motion to dismiss appeal. Such suggestions seem to us to be largely a mere confession and avoidance of plaintiff's motion, so far as the

timeliness of such filing is concerned. The fact that defendant or the clerk of the Circuit Court of Barry County has finally caused the transcript on appeal to be filed in this Court, and, without waiting for disposition of plaintiff's motion to dismiss the appeal, the defendant has printed an abstract of the evidence and brief and has evidently gone to considerable expense in this case, and exercised great concern after plaintiff's motion to dismiss the appeal was filed, cannot excuse the failure of defendant, in attempting to take its appeal, to observe the plain and positive requirements of the law in regard to the timeliness of filing its transcript on appeal in this court. This court must enforce such requirements in this case, or be swamped with excuses for not filing such transcript on appeal in other cases. We cannot make "fish of one and fowl of another." We must follow the plain and positive requirements of law in all cases.

The first ground of plaintiff's amended motion to dismiss appeal must be and is sustained, and the appeal is dismissed. It is so ordered.

#### Transferred to the Supreme Court of Missouri.

BY THE COURT.—Rule of the Supreme Court of Missouri, No. 1.30, adopted December 20, 1944, which is binding on this Court, and the decision of the Supreme Court of Missouri in the case of State ex rel., etc. v. Seehorn, 188 S. W. (2d), l. c. 660, without specific reference to Supreme Court Rule No. 1.30, wherein a further extension was given by the Supreme Court to the appellant for filing transcript on appeal, and Laws of Missouri for 1943, Sec. 6, (b), page 358, have raised some doubt in our minds as to what the holding of the Supreme Court would be on the facts in this case. We have heretofore filed an opinion dismissing defendant's appeal, for reasons therein stated.

We believe that appellant has shown good cause for the short delay in filing the transcript of the record, if such showing will excuse such failure. The undisputed facts are that the Circuit Clerk delayed the filing of the transcript of the record in this court, although receiving it in time, because he did not approve the wording of the trial judge's certificate referring to its as a "Bill of Exceptions", though it was in fact a transcript of the record.

We regard the question of whether or not any diligence on the part of an appellant can serve as an excuse for failure of such appellant to file the transcript of the record on appeal in the Appellate Court within the time allowed, as a question of general interest and importance, not only to the Appellate Courts of this State, but, as well, to the bar and to the general public of Missouri.

This case is hereby certified to the Supreme Court of Missouri, under Section 10, of Article V, of the Constitution of Missouri, adopted February 27, 1945. It is so ordered.

NOTICE.

TO THE CITY OF NEOSHO, Appellant,
and

TO JUSTIN RUARK and RAY ENGLAND, Attorneys for Appellant.

You and each of you are hereby notified that the undersigned, as attorneys for the respondent, will file in the Springfield Court of Appeals, on Saturday, January 12, a motion to dismiss the appeal of the appellant, and suggestions in support of such motion. A copy of each of which is attached, hereto.

Dated this 10th day of January, 1946.

Wayne C. Slankard and Paul E. Carver,
Both of Neosho, Missouri,
Attorneys for Respondent.

Receipt of the copy of the above and foregoing notice, together with a copy of motion of respondent to dismiss, and a copy of suggestions in support of such motion, acknowledged this 10th day of January, 1946.

Ray England,
Justin Ruark,
Attorneys for Appellant.