CHARLOTTE CLADER v. CITY OF NEOSHO, a Municipal Corporation, Appellant.—No. 39884.—193 S. W. (2d) 620.

Court en Banc, April 8, 1946.

*Ray England* and *Justin Ruark* for appellant.

*Wayne V. Slankard* and *Paul Carver* for respondent.

 HYDE, J.—This case, in which defendant's appeal was ordered dismissed, has been certified to us by the Springfield Court of Appeals. [Clader v. City of Neosho, 192 S. W. (2d) 508, and 192 S. W. (2d) 511.] This case is submitted here only on the motion to dismiss filed in the Court of Appeals and on suggestions in support and in opposition to this motion.

Plaintiff herein had a verdict and judgment for $5000.00 against defendant; the case being tried in Barry County on change of venue. On June 29, 1945, the same day on which defendant's motion for new trial was overruled, defendant filed notice of appeal. Time for filing transcript on appeal was extended by the trial court to November 1, 1945. Defendant filed the transcript in the office of the Circuit Clerk of Barry County on October 31, 1945. This transcript did not reach the Court of Appeals until November 9, 1945 and the clerk's certificate thereon was dated November 8, 1945. This eight day delay was due to the Circuit Clerk's idea that the Judge's certificate on the transcript was not properly worded. (The parties had failed to agree on the correctness of the transcript.) The Clerk did not notify defendant's counsel of his failure, to certify the transcript and to send it to the Court of Appeals, for several days after it was filed. As soon as he was notified, defendant's attorney drove from his home in Neosho to Cassville (where the case had been tried), got the transcript, took it to the trial judge and got an amended certificate executed. He promptly returned it to the Clerk at Cassville who then certified it and sent it to the Court of Appeals. Dismissal was ordered because the Court thought that "Section 6(b), Mo. Laws for 1943, at page 358, Mo. R. S. A., sec. 847.6, Subdivision (b), explicitly requires that application for an extension of time for appellant to file an abstract on appeal be made *before* the expiration of the time previously given"; and that "only the trial judge can make such extension and he must do it *before* the time allowed by law or his former extension has expired."

 Those conclusions of the Court of Appeals are incorrect. The Appellate Court *can* grant further time for filing the transcript, as recognized by Rule 1.30; but it should not be necessary for it to do so until after the expiration of the period of six months from the date the notice of appeal is filed in the trial court because Rule 3.26 gives the trial court full authority to make extensions during that period. Furthermore, Section 6(b) (2) authorizes any court to permit an act to be done out of time (except that extensions are prohibited in certain stated matters) on a motion filed "*after* the expiration of the specified period where the failure to act was the result of excusable

neglect.'' [See Gruskin v. New York Life Ins. Co., 1 F. R. D. 23; Hargreaves v. Roxy Theatre, 1 F. R. D. 537; Schram v. O'Connor, 2 F. R. D. 192, in which motions were sustained under similar provisions of the Federal Rules, although filed after expiration of the fixed period; also Mosier v. Federal Reserve Bank, 132 Fed. (2d) 710, l. c. 713(8).] The purpose of Rules 3.26 and 1.30 is to expedite appeals by preventing them from lying dormant in the trial court and to let the Appellate Court know what cases (in which notices of appeal have been filed) are live cases, in which the appellant actually intends to perfect his appeal. After the six months period (during which the trial court may grant extensions) has elapsed, the practice in the Supreme Court is to put these cases (in which no applications for further extension have been made to it) on the next hearing docket and dismiss them for failure to comply with the rules, if there is no further application for enlargement of time and showing of good cause therefor.

■ This would be a proper case for enlargement of time under Section 6(b)(2) since the Court of Appeals said: ''We believe that appellant has shown good cause for the short delay in filing the transcript of the record, if such showing will excuse such failure.'' The neglect of counsel in this case was in waiting until the next to last day of the period to file the transcript and then failing to see that the Clerk immediately executed the certificate to the Court of Appeals. He could ■ have filed it earlier or he could have previously asked for a further extension of time by the trial court, which still had authority to grant additional time under Rule 3.26. Nevertheless, the transcript could have reached the Appellate Court in time if the Clerk had sent it in immediately after it was filed. What counsel should have done when notified of the Clerk's failure to send it, and his reason therefor, was not merely to get an amended certificate from the trial judge, but also to file a motion in the trial court for an extension of time under Section 6(b)(2). The trial court could then have extended the time on a finding of excusable neglect because there remained almost 60 days of the six months period. Of course, any motion now filed in this case would have to be filed in the Court of Appeals because the six months period during which the trial court could enlarge the time has expired. However, since appellant's counsel acted promptly, although mistakenly, the Court of Appeals could make a finding of excusable neglect on a motion for enlargement of time under Section 6(b)(2). We have been lenient in this matter while the rules were new. [See State ex rel. National Outdoor Adv. Co. v. Seehorn, 354 Mo. 170, 188 S. W. (2d) 657, l. c. 660; see also Reeves v. Green, 282 Mo. 521, 222 S. W. 795.]

■ As to the other two grounds for dismissal: Failure to serve a typewritten copy of the transcript on respondent; and taking the copy of the transcript from the Clerk's office after it had been filed

there, plaintiff has misunderstood Code Section 135 (Mo. R. S. A., Sec. 847.135) and Rule 1.04. A typewritten transcript is only required to be served, by Rule 1.04(c), "if the appellant does not print the transcript on appeal." In other words, if the appellant does not deliver to the respondent a typewritten copy of the transcript within 15 days after the date of filing it in the Appellate Court, then he must print it and serve printed copies on respondent "not later than the date on which the appellant shall serve his original brief on the respondent" as required by Rule 1.09. Certainly the provision in Section 135 that "the appellant shall file with the Clerk of the trial court a copy of the transcript of the record in the cause including the bill of exceptions which copy shall remain on file in the office of said clerk" does not mean that the clerk cannot allow an attorney in the case to take it out for temporary use upon giving his receipt for it. This copy is intended to be filed in the clerk's office for use of the parties and not for cold storage. Its use should be regulated by local court rules.

We hold on the facts of this case that the Court of Appeals had authority in its discretion, on a motion filed after November 1, 1945, to grant an enlargement of time for filing the transcript of appeal herein; and the cause is therefore retransferred to the Springfield Court of Appeals. All concur.