**Wayne GILSTRAP et al., Plaintiffs-Appellants,**

v.

**Andrew J. GORDON et al., Defendants-Respondents.**

No. 7733.

Springfield Court of Appeals.

Missouri.

Dec. 29, 1958.

Roy Coyne, Joplin, for plaintiffs-appellants.

Vern E. Thompson, Joplin, for defendants-respondents.

STONE, Presiding Judge.

On June 2, 1958, plaintiffs filed notice of appeal to this court. On September 19, 1958, defendants moved to dismiss that appeal, because the transcript on appeal had not been filed within ninety days after the date of filing of the notice of appeal [V.A.M.S., Sec. 512.130] and the trial court had entered no order extending the time for filing the transcript.

However, the time for filing the transcript on appeal may be extended by the trial court for a period of not longer than six months after the date of filing of the notice of appeal [Supreme Court Rule 3.26, 42 V.A.M.S.]; and, under V.A.M.S., Secs. 512.140 and 506.060, subd. 2(2), such order of extension may be made by the trial court *after* expiration of the initial period of ninety days (but, of course, within the maximum period of six months) "where the failure to act was the result of excusable neglect." V.A.M.S., Sec. 506.060, subd. 2 (2); Clader v. City of Neosho, 354 Mo. 1190, 193 S.W.2d 620, 621.

Accordingly, as interested counsel then were advised, defendants' motion to dismiss the instant appeal was premature when filed. But, the maximum period of six months, which the trial court might (upon proper showing) have provided for the filing of the transcript on appeal, expired on December 2, 1958; and, no transcript (accompanied by an order of extension entered by the trial court) having been filed within that maximum period of six months and no good cause being shown why the appeal should not now be dismissed [Supreme Court Rule 1.30, 42 V.A.M.S.], defendants' renewed motion to dismiss the appeal in this case becomes timely and proper.

Therefore, defendants' motion to dismiss plaintiffs' appeal is sustained and the appeal is dismissed.

McDOWELL and RUARK, JJ., concur.