Chang K. VONSMITH, Respondent,

v.

John M. VONSMITH, Appellant.

No. 64874.

Supreme Court of Missouri,
En Banc.

Feb. 15, 1984.

Anne-Marie Clarke, St. Louis, for appellant.

Jane A. Hobbs, St. Louis, for respondent.

DONNELLY, Judge.

Appellant, John M. Vonsmith, was personally served with summons and a petition for dissolution, but filed no responsive pleading. A default judgment was entered against him on October 14, 1981. He did not file a motion to set aside or vacate the decree. He did file a notice of appeal in the Eastern District of the Court of Appeals on November 20, 1981.

The cause was heard and submitted to Judges Reinhard, Crist and Crandall. Judges Reinhard and Crandall held the view that no appeal lay from the default judgment because no motion to set aside or vacate had been filed. *See Blackmore v. Blackmore*, 639 S.W.2d 268 (Mo.App.1982). Judge Crist dissented. The following order was then entered and signed by all three judges:

### ORDER

After reviewing the majority and dissenting opinions, we have jointly concluded that the issue of the limits of the right to appeal from a default judgment (in the absence of a motion to set aside) is of such general interest and importance that the case should be transferred to the Supreme Court. We hereby order this case transferred to the Supreme Court pursuant to Rule 83.02.

We hold that a default judgment is not appealable in the absence of a motion to set aside or vacate. A rationale for such rule was articulated in New York in 1816:

This is a just and wise rule; for the very theory and constitution of a Court of appellate jurisdiction only, is the correction of errors which a Court below may have committed; and a Court below cannot be said to have committed an error when their judgment was never called into exercise, and the point of law was never taken into consideration, but was abandoned, by the acquiescence or default of the party who raised it. To assume the discussion and consideration of a matter of law, which the party would not discuss in the [trial court], and which that Court, therefore, did not consider, is to assume, in effect, original jurisdiction. It is impossible to calculate all the mischiefs to which such a course of proceeding would lead. Either party

would then be able, in every case, to bring his question of law, as new, undiscussed points, before this Court. This would, indeed, be leaving the [trial court], with its plentitude of power, to enjoy the *otium cum dignitate* in harmless repose; but this was never the intention of the constitution. That Court was created, with all its competence and organs, to be the great trustee, the tutelary guardian of the vast body of the common law. What good motive can a party have, who will not argue a law question in the [trial court] but insists on bringing it here to be exclusively discussed? It is according to the genius of our whole judicial establishment, that the Court which originally decides a cause, should be subject to review by another Court; but on the plan pursued in the present case, this Court, though only a Court of review, will be the first and the last, originally, and finally, to decide the law. * * *.

*Gelston v. Hoyt,* 13 Johns. 561, 566–67 (1816).

The case of *Clader v. City of Neosho,* 238 Mo.App. 999, 192 S.W.2d 508 (1946) was transferred to this Court by the Springfield Court of Appeals because of the importance of a procedural question. This Court ruled the question and transferred the cause back to the court of appeals. *Clader v. City of Neosho,* 354 Mo. 1190, 193 S.W.2d 620 (banc 1946). And the present cause should be transferred back to the Eastern District of the Court of Appeals. It is so ordered.

WELLIVER, HIGGINS, GUNN and BILLINGS, JJ., concur.

BLACKMAR, J., concurs in part and dissents in part in separate opinion filed.

RENDLEN, C.J., concurs in part and dissents in part in accordance with the separate opinion of BLACKMAR, J.

BLACKMAR, Judge, concurring in part and dissenting in part.

I agree that the case should be retransferred to the Court of Appeals. The re-transfer, under the guidance of the principal opinion, would presumably result in the republication of Judge Reinhard's majority opinion written for that court. I cannot agree with the statement in his opinion that, except for one point questioning subject matter jurisdiction over a part of the case,

> we are without jurisdiction to entertain the remainder of husband's points on appeal.

I believe that the dissenting opinion of Judge Crist perceives the flaw in the majority opinion and expounds the correct legal analysis.

The procedures in the trial court were proper. The defendant was in default because of failure to answer. The trial court then conducted a hearing and entered judgment on October 14, 1981. The judgment so entered was subject to control of the trial court for 30 days, just as any other judgment, and the defendant could have moved the court, within that period, to set the default aside. Rule 75.01. When no motions were filed, the judgment became "final."

Notice of appeal was required to be filed within ten days after the judgment became final, Rule 81.04, and so the notice filed November 20, 1981, was timely. I perceive no reason why that notice was not sufficient to transfer the case from the circuit court to the Court of Appeals, and find no statute or rule which would deny that court its usual power to affirm, modify, or reverse the judgment of the circuit court in accordance with its views of the governing law. The rules do not distinguish between judgments by default and other judgments. The Court of Appeals, indeed, has exercised its jurisdiction by reversing that portion of the judgment as to which it found an absence of subject matter jurisdiction.

The rule enunciated in the principal opinion, that a litigant should not be afforded relief on appeal as to matters which could have been, and were not, presented to the trial court, is eminently sound, and our appellate courts are entirely justified in

applying it to cases which come before them. The rule, however, is a rule of appellate procedure and not a rule of jurisdiction. The Court of Appeals, if of the opinion that an appealing defendant should be denied further relief because of his default in the trial court, would have full authority to affirm the judgment. It should do this, rather than dismissing the appeal for want of jurisdiction.

This is because there are exceptions to the rule of preclusion. The majority opinion in the Court of Appeals has applied one of these, in reversing a portion of the judgment. There is also the concept of plain error (Rule 84.13(c)). There is no reason why the Court of Appeals should not correct plain error in a default case, just as it could in a jury case in which certain points have not been presented to the trial court and preserved in motion for new trial. I join in Judge Crist's queries. What if the trial court had awarded $40,000 per month maintenance, or a $60,000 attorney's fee? Would the Court of Appeals be powerless? I hardly think so.

The circuit court is not justified in entering judgment by default on unliquidated claims without a hearing to explore the economic elements of the judgment sought. Rule 74.11 announces the fundamental proposition that the relief granted may not exceed the prayer of the petition. In cases under Chapter 452, the plaintiff is not required to indicate a monetary amount but may simply ask for "reasonable" maintenance or "reasonable" attorneys' fees, and "just" distribution of marital property. It might be argued that an egregious award is in excess of the prayer of the petition, so as to constitute an excess of jurisdiction, or is an "irregularity" subject to review under Rule 74.32. *Cf. ABC Fireproof Warehouse Co. v. Clemans,* 658 S.W.2d 28 (Mo. banc 1983). I would avoid the need for collateral attack by recognizing the jurisdiction of the Court of Appeals in cases in which notice of appeal is timely filed.

The holding of the majority places a great premium on filing a motion to set aside default, by a person who has slept on the right to file a responsive pleading. If the sleeper does not wake up in 30 days, serious disadvantage results. This of course is the fault of the litigant, but a total denial of appellate power is not necessarily an appropriate solution.

I of course express no opinion as to whether relief for "plain error" is appropriate in this case. This is for the Court of Appeals to decide. That court of course may weigh the default heavily against the defendant, to the point of denying relief on meritorious claims. We should, however, correct the Court of Appeals in its misapprehension of its powers, by retransferring the case for further proceedings consistent with the views I express.