O.J. KILLERON and Anne
Killeron, Respondents,

v.

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA,
Appellant.

No. 68867.

Supreme Court of Missouri,
En Banc.

July 14, 1987.

Anthony S. Bruning, St. Louis, for appellant.

Matthew J. Padberg, St. Louis, for respondents.

WELLIVER, Judge.

Appellant, American Bankers Insurance Company of Florida, appeals from an order of the Circuit Court of St. Louis County which dismissed its application for a circuit court trial de novo after a default judgment in a case filed in an associate circuit division. The Court of Appeals, Eastern District, affirmed the circuit court, but transferred the case to this Court. Mo. Const. art. V, § 10.

**I**

On April 17, 1985, respondents, O.J. and Anne Killeron, filed suit against appellant in the Associate Circuit Division of the St. Louis County Circuit Court seeking $4,400.00 in damages [1] arising from appellant's alleged refusal to pay under a home owners insurance policy. On May 16, 1985, appellant failed to appear at an associate circuit division hearing of which it had received notice, and a default judgment was entered against appellant.

On May 17, 1985, appellant retained counsel, who moved to set aside the default judgment. The court sustained appellant's motion and set the case on the docket for July 11, 1985.

Appellant failed to appear at the July 11, 1985, hearing in the associate circuit divi-

---

1. In 1985, the associate circuit division had subject matter jurisdiction in cases in which the damages sought did not exceed five thousand dollars. § 478.225, RSMo 1978. Effective Jan- uary 1, 1987, the associate circuit division has jurisdiction in cases in which the damages sought do not exceed fifteen thousand dollars. § 478.225, RSMo 1986.

sion. The court received evidence and testimony and entered a default judgment of $4,988.18 against appellant.

On July 19, 1985, appellant filed an application for trial de novo in the circuit court in accordance with § 512.180.1, RSMo Cum. Supp.1984.[2] Appellant did not seek to set aside the default judgment in the associate circuit division.

Respondents moved for dismissal of appellant's application for trial de novo in the circuit court. On March 11, 1986, the circuit court sustained respondents' motion and dismissed appellant's application for trial de novo for failure to move to set aside the default judgment in the associate circuit division. The Court of Appeals, Eastern District, believing *Vonsmith v. Vonsmith*, 666 S.W.2d 424 (Mo. banc 1985) bound it, affirmed the circuit court on the same theory, but transferred the case to this Court because of its general interest and importance and for this Court to reexamine the existing law. Mo. Const. art. V. § 10; Rule 83.02.

## II

The sole issue of the case is whether a motion to set aside a default judgment in the associate circuit division is a condition precedent to the right, provided in Mo. Const. art. V, § 27(5) and § 512.180.1, to a trial de novo[3] in the circuit court.

The Missouri Constitution, article V, § 27(5) provides:

The right to and method of review from a final judgment or appealable order of an associate circuit judge ... shall, until otherwise provided by law, be *de novo* before a circuit judge or another associate circuit judge within the circuit.... (Emphasis added.)

Section 512.180 provides:

Appeals from cases tried before associate circuit judge.—1. Any person aggrieved by a judgment in a civil case *tried* without a jury before an associate

circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, *shall have the right of a trial de novo.* (Emphasis added.)

Respondents contend that a case involving a default judgment is not a "tried" case under § 512.180.1 and that, as a result, appellant is not entitled to a trial de novo.

A trial is "[a] judicial examination, in accordance with law of the land, of a cause, either civil or criminal, of the issues between the parties, whether of law or fact, before a court that has jurisdiction over it." Black's Law Dictionary 1675 (rev. 4th ed. 1968)

Here, pursuant to § 517.460, RSMo 1978, the associate circuit judge heard and received evidence of liability and damages. The judge then awarded respondent $4,988.18, evidencing an independent determination arrived at by the judge on the basis of evidence heard and adduced. This, we believe, appellant's absence notwithstanding, constituted a "tried" case under § 512.180.

Respondents further contend that a trial de novo following an associate circuit division proceeding is an appeal and that, as a result, appellant was required to file in the associate circuit division a motion to set aside or vacate the default judgment.

In *Vonsmith v. Vonsmith*, 666 S.W.2d 424 (Mo. banc 1984), this Court held that a default judgment in a circuit court is not appealable in the absence of a motion in the rendering court to set aside or vacate the default judgment. *See also Barney v. Suggs*, 688 S.W.2d 356 (Mo. banc 1985).

The Court in *Vonsmith* set forth the following reason for the rule:

This is a just and wise rule; for *the very theory and constitution of a Court of appellate jurisdiction only, is the correction of errors* which a Court below

---

2. All statutory references herein are to RSMo Cum.Supp.1984, unless otherwise indicated.

3. "Trial de novo. A new trial or retrial had in which the whole case is retried as if no trial whatever had been had in the first instance."

Black's Law Dictionary 1349 (5th ed. 1979). *See also* W. Satsky, West's Legal Thesaurus/Dictionary 757 (1986); 1 Bouvier's Law Dictionary 769 (8th ed. 1914); W. Burton, Legal Thesaurus 133 (1980).

may have committed; and a Court below cannot be said to have committed an error when their judgment was never called into exercise, and the point of law was never taken into consideration, but was abandoned, by the acquiescence or default of the party who raised it. To assume the discussion and consideration of a matter of law, which the party would not discuss in the [trial court], and which that court therefore, did not consider, *is to assume, in effect, original jurisdiction.* It is impossible to calculate all the mischiefs to which such a course of proceeding would lead....

*Vonsmith,* 666 S.W.2d at 424, quoting *Gelston v. Hoyt,* 13 Johns, 561, 566–67 (N.Y. 1816).

This rationale is wholly inapplicable when the subsequent court is not reviewing for lower court errors, but, rather, is directed to disregard prior proceedings and consider the case de novo.[4]

We conclude that our holding in *Vonsmith* and *Barney v. Suggs,* that a motion to set aside or vacate is a prerequisite to appeal of a default judgment, does not apply to trial de novo following default judgments in associate circuit division. We find that the Circuit Court of St. Louis County erred in sustaining respondents' motion to dismiss appellant's application for a trial de novo. We reverse and remand to the circuit court for trial de novo.

All concur.

---

**4.** While there may be some confusion in § 512.-180 caused by the caption *"Appeals* from cases tried before associate circuit judge" (emphasis added),

it is important conceptually to recognize that § 512.180.1 cases do not involve an "appeal" to the circuit court but rather, the right to an automatic new trial of the entire case. *See generally,* Cohen, *Civil Practice Before Associate Circuit Judges Since the Court Reform,* 37 J.Mo.Bar 217, 221 (June 1981); *see also, Plaza Point Investment, Inv. v. Dunnaway,* 637 S.W.2d 303 (Mo.App.1982).

*Hloben v. Henry,* 660 S.W.2d 431, 432 (Mo.App. 1983).

Further,

[t]he headings of chapters, articles, or sections are not to be considered in construing our statutes; these indicia are mere arbitrary designations inserted for convenience of reference by clerks or revisors, who have no legislative authority, and are therefore powerless to lessen or expand the letter or meaning of the law. *State v. Maurer,* et al., 255 Mo. 152, 164 S.W. 551, 552.

*State ex rel. Agard v. Riederer,* 448 S.W.2d 577, 581 (Mo. banc 1969).